2014 OK CIV APP 45

James TUCKER, Plaintiff/Appellee,

v.

STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.

Nos. 111,960, 111,752, 111,697, 112,002, 111,699, 112,006.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 9, 2013.

Certiorari Denied Dec. 9, 2013.

A. DeAnn Taylor, Ardmore, Oklahoma, and John Hunsucker, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Mark E. Bright, Assistant General Counsel, Oklahoma City, Oklahoma, for Defendant/Appellant.

BAY MITCHELL, Judge.

¶1 Defendant State of Oklahoma, *ex rel.* Department of Public Safety (DPS) appeals from a June 7, 2013 Journal Entry, wherein the trial court set aside the driver's license revocation order previously entered against Plaintiff/Appellee James Tucker (Driver). The basis for vacating the DPS Order was the trial court's determination that the arresting Officer's Affidavit upon which the order was based was facially defective due to its noncompliance with 47 O.S.2011 754(C). DPS appeals from this determination in this implied consent case.[1]

¶2 The facts of the underlying stop, arrest and testing are not in dispute. Driver was arrested for driving under the influence of alcohol. Driver took the State's sobriety test and was subsequently served with the Officer's Affidavit and Notice of Revocation/Disqualification. This form Affidavit was relied upon by DPS for the initial revocation of Driver's license.

1. While the order on appeal includes various additional determinations on other issues, DPS only raises and briefs one issue on appeal—the sufficiency of the Officer's Affidavit.

¶3 After an administrative hearing, DPS issued an Order revoking Driver's driving privileges for a period of 180 days. Driver appealed,[2] and the trial court ultimately vacated DPS's revocation order on the ground that the Officer's Affidavit was defective in that it did not comply with 47 O.S. 754(C).

¶4 The Affidavit identifies the Driver, his address, driver license number and vehicle identification. Additionally, the form includes the breath-alcohol analysis record/report as well as a log of test and maintenance record of the particular testing equipment. While the form contains a description of the Driver's driving behavior and/or circumstances of the arrest as well as a description of Driver's condition and actions, the only personal attestations of the Officer, which are reflected on the face of the form are as follows: (1) "I administered said Breath–Alcohol Test in compliance with the applicable operating procedure of the Board of Tests;" (2) "I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct;" and (3) "I personally hand-delivered a copy of the above containing the Notice of Revocation to the person named in Section 1 above."

¶5 Driver argues the implied consent Officer's Affidavit was facially defective in that it failed to contain the Officer's sworn report specifically required by 47 O.S. 754(C).

¶6 Section 754(C) provides in pertinent part as follows:

> Upon receipt of a written blood or breath test report reflecting that the arrested person ... if the arrested person is twenty-one (21) years of age or older, [had] a blood or breath alcohol concentration of eight-hundredths (0.08) or more, **accompanied by a sworn report from a law enforcement officer that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol as prohibited by law,** the Department shall revoke or deny the driving privilege

of the arrested person for a period as provided by Section 6–205.1 of this title. Revocation or denial of the driving privilege of the arrested person shall become effective thirty (30) days after the arrested person is given written notice thereof by the officer as provided in this section or by the Department as provided in Section 2–116 of this title.

*Id.* (emphasis added).

¶7 Driver contends the Affidavit is fatally flawed because it fails to include the Officer's statutorily required sworn statement that he had reasonable grounds to believe the arrested person had been operating a motor vehicle while under the influence of alcohol. DPS, on the other hand, contends the Affidavit is sufficient on the basis of its inclusion of a factual description of the driving conduct and the Driver's condition, which under a totality of the circumstances analysis, "shows" probable cause to believe the arrestee had committed an alcohol-related offense.

¶8 On appeal from orders of implied consent revocations, an appellate court will not reverse the district court's findings unless they are erroneous as a matter of law or lack sufficient evidentiary foundation. *Hollis v. State ex rel. Dep't of Public Safety,* 2006 OK CIV APP 25, ¶4, 131 P.3d 145, *cert. denied.* Our review of this case requires the statutory construction of 754(C). The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. *TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶5, 829 P.2d 15, 20. Furthermore, the plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent. *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶13, 33 P.3d 302, 307; *City of Tulsa v. Public Employees Relations Board,* 1998 OK 92, ¶14, 967 P.2d 1214, 1220. The issue before us presents a question of law, which we review *de novo.* An appellate court has the plenary, independent, and non-

---

2. "A person whose driving privilege is revoked or denied or who is denied a hearing pursuant to Section 753 or 754 of this title may appeal to the district court in the county in which the arrest

occurred relating to the test refusal or test result, as shown by the records of the Department." 47 O.S.2011 6–211(D).

**544**

deferential authority to reexamine a trial court's legal rulings. *Kennedy v. State, ex rel. Dep't of Public Safety,* 2005 OK CIV APP 35, ¶ 12, 114 P.3d 499, 501.

¶ 9 Our review of the applicable statutory language reveals a plain and unambiguous directive as to the express content of the Officer's sworn report. The statute mandates the sworn report expressly state "that the officer had **reasonable grounds to believe** the arrested person had been operating . . . a motor vehicle while under the influence . . ." 754(C) (emphasis added). Further, it is upon the Commissioner of Public Safety's receipt of this specific sworn report, which triggers the license revocation.

¶ 10 Construing an earlier version of 754, in 1990 the Oklahoma Supreme Court held the Officer's sworn report (that he had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol) is a *"statutory prerequisite* for DPS revocation" of a driver's license. *Chase v. State ex rel. Dep't of Public Safety,* 1990 OK 78, ¶ 4, 795 P.2d 1048, 1049 (construing a virtually identical statutory sworn statement content requirement as it existed in the governing statute at that time at 47 O.S. Supp.1986 754(3)).[3] A "patent deficiency in the statutorily required DPS material does indeed make the Department's revocation order vulnerable to invalidation, on timely appeal, for failure to meet the minimum legislatively prescribed standards for the DPS paperwork on which its administrative action must be rested." *Id.* ¶ 5, 795 P.2d at 1050. In *Chase,* the Court held "that when, on appeal to the district court, the trial judge finds a DPS revocation order was issued on administrative documentation that fails to meet the minimum standards mandated by the applicable statute, the order should be set aside as fatally flawed." *Id.* ¶ 6, 795 P.2d at 1050.

¶ 11 While the factual details in the Affidavit concerning the Driver's driving conduct and condition may constitute **grounds giving rise to** the Officer's reasonable belief that the Driver had been driving under the influence, this critical, statutorily required sworn **statement regarding that belief** is absent.[4] Because the Officer's Affidavit did not include the sworn report as required by statute as to the Officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, the evidence on which the administrative revocation action rested is patently deficient. In light of the Affidavit's fatal deficiency and failure to meet the statutory prerequisite for DPS revocation, the trial court correctly set aside the DPS revocation order.

¶ 12 AFFIRMED.

HETHERINGTON, P.J., and GOREE, J., concur.

---

**3.** Unlike the fatal defect in the affidavit at issue herein, a mere scrivener's error (such as an erroneous date on an Officer's affidavit) may be corrected by oral testimony. *Clawson v. State ex rel. Dep't of Public Safety,* 2007 OK CIV APP 89, 168 P.3d 258.

**4.** *Although not reflected in the record,* Driver's appellate brief states the affidavit form being

used by Oklahoma law enforcement which does not contain the statutory language from 753 or 754(C) only became problematic when the Model 8000 Intoxilizer was approved for use in Oklahoma. Driver states there was no issue with the form of the affidavits being used prior to that time. This implies that the affidavits used previously contained the required statutory language.