2015 OK CIV APP 89

Brock A. WERDEL, Clark R. Chambers, Joseph E. Howard, Titus L. West, Jeffrey T. Graves, Joseph P. Wagner, Anthony J. Spigener, Michael A. Carroll, and Brent E. Shouse, for themselves and all others similarly situated, Plaintiffs/Appellants,

v.

STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.

No. 113533.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 27, 2015.

Rehearing Denied May 15, 2015.

D. Bruce Edge, Edge Law Firm, Tulsa, Oklahoma, and John E. Hunsucker, Hunsucker Legal Group, and Richard D. Laquer, Oklahoma City, Oklahoma, for Appellants.

Kevin L. McClure, Assistant Attorney General, Oklahoma Attorney General, Litiga-

tion Section, Oklahoma City, Oklahoma, for Appellee.

LARRY JOPLIN, Judge.

¶1 Plaintiffs/Appellants Brock A. Werdel, Clark R. Chambers, Joseph E. Howard, Titus L. West, Jeffrey T. Graves, Joseph P. Wagner, Anthony J. Spigener, Michael A. Carroll, and Brent E. Shouse, for themselves and all others similarly situated (Plaintiffs), seek review of the trial court's order denying their motion for class certification, denying their motion for summary judgment and granting the motion for summary judgment of Defendant/Appellee State of Oklahoma, ex rel. Department of Public Safety (DPS), in Plaintiffs' action to expunge the records of their driver's license revocations and for restitution of the fees they paid to reinstate their driver's licenses. In this appeal, Plaintiffs assert the trial court erred as a matter of law and fact in denying their motion to certify the class action, in denying their motion for summary judgment and in granting the motion for summary judgment of DPS.

¶2 Plaintiffs commenced the instant action on behalf of themselves and others similarly situation, and alleged DPS had revoked their driver's licenses and required the payment of fees to reinstate their driver's licenses based on the deficient reports of the arresting officers for the offense of driving while under the influence of alcohol. Plaintiffs sought certification of a class composed of all others similarly situated, expungement of the records of their revocations and restitution of the fees they paid for reinstatement of their driver's licenses and installation of ignition interlock devices.

¶3 DPS filed a motion to dismiss. Defendant asserted that Plaintiffs had failed to state a plausible claim sufficient to support class action certification, and that, as a result of the agreed and unappealed final orders of the district courts sustaining the administrative orders of revocation of Plaintiffs' driver's licenses with modification, the doctrines of issue and claim preclusion barred Plaintiffs' challenges. The trial court denied the motion to dismiss, and deferred ruling on the motion to certify class pending a determination of the existence of a plausible class claim pursuant to 12 O.S. § 2023(B)(3).[1]

¶4 DPS then filed its motion for summary judgment. DPS attached evidentiary materials demonstrating that Plaintiffs Werdel, Chambers, Howard, West and Graves executed consent judgments in the district courts agreeing to revocation of their driver's licenses with modification after administrative review, that they had discharged the period of revocation and that they had obtained reinstatement of their driver's licenses. DPS also attached evidentiary materials demonstrating that Plaintiffs Spigener, Shouse, and Carroll had either failed to exhaust, or had yet to exhaust, their administrative remedies, and that Wagner's revocation had been set aside, but that he had also pled guilty to two other alcohol-related driving offenses.

¶5 DPS first argued that it possessed the statutory authority to revoke the driver's license of a person arrested for driving under the influence upon the person's failure of, or refusal to take, a test for blood-alcohol pursuant 47 O.S. §§ 753 and 754. DPS consequently argued the complained-of deficiency in the notices of revocation, offered as support for the orders of revocation, which omitted the "sworn report from a law enforcement officer that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol as prohibited by law" required by § 754(C), and noted by the Court of Civil Appeals in *Tucker v. DPS*, 2014 OK CIV APP 45, 326 P.3d 542, and *Roulston v. DPS*, 2014 OK CIV APP 46, 324 P.3d 1261, did not render its administrative orders revoking Plaintiffs' driver's licenses void and subject to vacation or expungement. DPS

---

1. "An action may be maintained as a class action if the prerequisites of subsection A of this section are satisfied, if the petition in the class action contains factual allegations sufficient to demonstrate *a plausible claim for relief* and ... 3. The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." (Emphasis added.)

further argued that the exemption provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 et seq., § 155(2), (4), (5) and (12), absolved it from liability to repay the fees collected to reinstate the Plaintiffs' driver's licenses, or for damages related to the costs of installing ignition interlock devices paid to third parties, and further, because Plaintiffs paid the reinstatement fees without protest, 62 O.S. § 206 barred recovery of those fees.

¶ 6 Plaintiffs filed a motion for summary judgment and response to the motion for summary judgment of DPS.[2] Plaintiffs asserted that, according to the holdings in *Tucker* and *Roulston,* the orders revoking their driver's licenses were facially defective, void *ab initio* and subject to vacation at any time, that their failure to exhaust administrative remedies was consequently irrelevant, and for those reasons, the records of the revocations should be expunged. Further, said Plaintiffs, because the revocation orders were void, DPS should be held liable to repay the fees collected to reinstate their wrongfully revoked driver's licenses, as well as the fees paid for installation of ignition interlock devices as a consequence of the void revocation orders.

¶ 7 DPS filed a reply to Plaintiffs' motion for summary judgment. DPS argued the deficiency in the officers' affidavits recognized in *Tucker* and *Roulston* related solely to the evidence to support the revocations, not its authority to revoke, and that such deficiency rendered the revocation orders merely voidable and subject to attack only in a timely, direct appeal to the district court. DPS again argued the final orders of revocation with modification to which some of the Plaintiffs agreed precluded the instant challenges by force of *res judicata.*

¶ 8 On consideration of the parties' arguments and submissions, but without expressed findings of fact or conclusions of law,

the trial court denied Plaintiffs' motion to certify the class action, denied the Plaintiffs' motion for summary judgment and granted' the motion for summary judgment of DPS. Plaintiffs appeal, and the matter stands submitted on the trial court record.[3]

¶ 9 "Summary judgment is appropriate only where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Wathor v. Mutual Assur. Adm'rs, Inc.,* 2004 OK 2, ¶ 4, 87 P.3d 559, 561. (Citation omitted.) "Summary judgment settles only questions of law[,][and][t]he standard of review of the questions of law is *de novo.*" *Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶ 11, 160 P.3d 959, 963. (Citation omitted.) (Emphasis original.) "Where a controversy is resolved by summary judgment, the appellate courts review the entire summary judgment record independently and without deference to a lower court." *Id.* "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." *Id.*

¶ 10 We first observe that a person arrested for operation of a motor vehicle while under the influence of alcohol or other intoxicating substance and served by the arresting officer with a notice and order of the revocation of his or her driver's license may seek administrative review of the order of revocation before a DPS hearing officer. 47 O.S. 2011 § 754(D)–(G). The scope of the administrative hearing "shall cover the issues of whether the officer had reasonable grounds to believe the person had been operating or was in actual physical control of a vehicle upon the public roads, highways, streets, turnpikes or other public place of this state

---

2. Plaintiffs' evidentiary materials included the deposition testimony of the director of the Oklahoma Bureau of Tests, responsible for the maintenance of the breath testing devices used in this state. He explained that the officer's sworn report was printed by the breath testing device used previously, and that upon a change in breath testing devices in 2008, the new breath

testing device did not print the officer's sworn report until reprogrammed in 2013.

3. *See,* Rule 13(h), Rules for District Courts, 12 O.S.2011, Ch. 2, App.; Okla. Sup. Ct. R. 1.36, 12 O.S.2011, Ch. 15, App. 1.

while under the influence of alcohol, any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance as prohibited by law, and whether the person was placed under arrest." 47 O.S. § 754(F).

■ ¶ 11 If dissatisfied by the administrative decision, an arrestee may seek further review in the district court by petition filed within thirty days of the administrative decision. 47 O.S. § 6–211. "[O]n district court review, DPS bears the burden of proof by a preponderance of the evidence." *Haley v. State ex rel. Dept. of Public Safety,* 2005 OK CIV APP 82, ¶ 8, 123 P.3d 31, 34. *And see, Andrews v. State ex rel. Dept. of Public Safety,* 2014 OK CIV APP 19, ¶ 12, 320 P.3d 27, 29.[4] "At a hearing on a revocation by the Department pursuant to the implied consent laws as provided in Sections 6–205.1, 753 and 754 of this title, the court shall not consider the merits of the revocation action unless a written request for an administrative hearing was timely submitted to the Department and the person actually exercised the opportunity to appear as provided in Section 754 of this title and the Department entered an order sustaining the revocation." 47 O.S. § 6–211(F).

■ ¶ 12 Thereafter, "[a]n appeal may be taken by the person or by the Department from the order or judgment of the district court to the Supreme Court of the State of Oklahoma as otherwise provided by law." 47 O.S. § 6–211(M). " 'On appeal, we review the district court's order in an implied consent revocation to determine whether it lacks sufficient evidentiary foundation or is erroneous as a matter of law.' " *Andrews,* 2014 OK CIV APP 19, ¶ 12, 320 P.3d at 29. (Citation omitted.)

¶ 13 In its entirety, § 754(C) of title 47, O.S., provides:

Upon receipt of a written blood or breath test report reflecting that the arrested person, if under twenty-one (21) years of age, had any measurable quantity of alcohol in the person's blood or breath, or, if

the arrested person is twenty-one (21) years of age or older, a blood or breath alcohol concentration of eight-hundredths (0.08) or more, accompanied by a sworn report from a law enforcement officer that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol as prohibited by law, the Department shall revoke or deny the driving privilege of the arrested person for a period as provided by Section 6–205.1 of this title. Revocation or denial of the driving privilege of the arrested person shall become effective thirty (30) days after the arrested person is given written notice thereof by the officer as provided in this section or by the Department as provided in Section 2–116 of this title.

Plaintiffs argued below that § 754(C) conditioned the *jurisdiction* of DPS to revoke a driver's license on two requisites, i.e., "a written blood or breath test report ..., accompanied by a sworn report from a law enforcement officer that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol as prohibited by law." For support of this proposition, Plaintiffs cited *Browning v. DPS,* 1991 OK CIV APP 19, 812 P.2d 1372, where the Court of Appeals stated:

DPS's threshold *jurisdiction* to issue a license revocation order is established upon receipt of an "Officer's Affidavit and Notice of Revocation" which facially discloses two items of information: (1) A breath test result of at least 0.10 and (2) the arresting officer's sworn affidavit showing probable cause to believe the arrestee had committed an alcohol-related driving offense.

1991 OK CIV APP 19, ¶ 9, 812 P.2d at 1374. (Citations omitted.) (Emphasis added.)

¶ 14 In our view, however, § 754(C) does not concern *jurisdiction* as that term is ordinarily used to describe the powers of a *court*

---

4. " 'Appeals from implied consent revocation orders are heard *de novo* in the district court, with the "trial de novo" being a trial of the entire case anew, both on the law and on the facts.' " (Citation omitted.)

to exercise *jurisdiction* over a person, or *jurisdiction* over the subject matter of a controversy, or the *jurisdictional power* to render a particular judgment. *See, e.g., Vaughan v. Graves,* 2012 OK 113, ¶ 11, 291 P.3d 623, 626, fn. 2.[5] Rather, in our view, § 754(C) concerns and grants DPS the *authority* to revoke the driver's license of a person arrested for operation of a motor vehicle while under the influence of alcohol or other intoxicating substance, but conditions the exercise of that *authority,* when *timely challenged* in a review proceeding *in the district court,* upon the presentation of *evidence* by DPS demonstrating both (1) a breath or blood test result showing the arrestee's blood/alcohol concentration in excess of the statutory maximum, and, (2) as a *substitute for the testimony* of the arresting officer, the *sworn report* of the arresting officer establishing the officer's reasonable belief the arrestee had operated a motor vehicle while under the influence of alcohol or other intoxicating substance.

¶ 15 We are persuaded in this view by prior holdings of the Oklahoma appellate courts. In *Chase v. State ex rel. Dep't of Public Safety,* 1990 OK 78, 795 P.2d 1048, the Oklahoma Supreme Court construed the nearly identical statutory predecessor to § 754(C) as describing the *"administrative documentation"* required to sustain a revocation, and held the failure of DPS to produce the *proper "statutory materials"* to support a revocation order in *a timely direct appeal to the district court* rendered an order of revocation subject to vacation:

> Two statutory prerequisites for DPS revocation of the license here in dispute are: (1) a written report that the driver's breath test showed an alcohol concentration of at least 0.10 and (2) the enforcement officer's sworn report "that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public roads ... while under the influence of alcohol...."....

> DPS concedes that the sworn report of an enforcement officer, which § 754(3) [now

§ 754(C) ] expressly mandates, is absent from the DPS paperwork and from the record in this case. Although there is an exhibit before us entitled "Officer's Affidavit and Notice of Revocation," the name of the person designated in this document as the affiant differs from that of the individual whose signature appears on it. This *patent deficiency in the statutorily required DPS material* does indeed make the Department's revocation order *vulnerable to invalidation, on timely appeal, for failure to meet the minimum legislatively prescribed standards for the DPS paperwork* on which its administrative action must be rested.

> We therefore hold that when, *on appeal to the district court,* the trial judge finds a DPS revocation order was issued on *administrative documentation* that fails to meet the minimum standards mandated by the applicable statute, the order should be set aside as fatally flawed.

1990 OK 78, ¶¶ 4–6, 795 P.2d at 1049–1050. (Footnotes omitted.) (Emphasis added.) In recognition of this *evidentiary* burden, the Court of Civil Appeals said in *Tucker:*

> ... Because the Officer's Affidavit did not include the sworn report as required by statute as to the Officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, the *evidence* on which the administrative revocation action rested *is patently deficient.* In light of *the Affidavit's* fatal *deficiency* and *failure to meet the statutory prerequisite* for DPS revocation, the trial court correctly set aside the DPS revocation order.

2014 OK CIV APP 45, ¶ 11, 326 P.3d at 544. (Emphasis added.) And in *Roulston,* relying on *Chase,* the Court of Civil Appeals repeated:

> ... Because the Officer's Affidavit did not include the sworn report as required by statute as to the Officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the

---

**5.** "The elements of jurisdiction are: (1) jurisdiction over the parties; (2) jurisdiction over the

subject matter; and (3) jurisdiction to render the particular judgment sought." (Citation omitted.)

influence of alcohol, the *evidence* on which the administrative revocation action rested *is patently deficient.* Just as in *Chase,* we find *the Affidavit* upon which the revocation order rests *fatally flawed* as a matter of law *and thus, that order was properly set aside by the trial court.*

2014 OK CIV APP 46, ¶ 11, 324 P.3d at 1263–1264. (Emphasis added.)

¶ 16 The phrase, "sworn report," as used in § 754(C), necessarily refers to the *evidentiary facts* for which it is offered to prove. The "sworn report" is *evidence* of the arresting officer's reasonable belief the arrestee had operated a motor vehicle while under the influence of alcohol or other intoxicating substance. The "officer's affidavit," including the "sworn report," represents *a substitute for the in-person testimony of the arresting officer.* When a revocation is *timely challenged* in a review proceeding *in the district court* pursuant to § 6–211, DPS must produce the "sworn report" as *evidence* to support the order of revocation, and if DPS fails in this *evidentiary* burden, the district court should set aside the order of revocation as without sufficient *evidentiary* support. *Chase,* 1990 OK 78, ¶¶ 5–6, 795 P.2d at 1049–1050; *Tucker,* 2014 OK CIV APP 45, ¶ 11, 326 P.3d at 544; *Roulston,* 2014 OK CIV APP 46, ¶ 11, 324 P.3d at 1263–1264.

¶ 17 As a matter of *evidence,* we therefore hold the omission from the officer's affidavit of the "sworn report," stating the arresting officer's reasonable belief the arrestee had operated a motor vehicle while under the influence of alcohol or other intoxicating substance, does *not* render the underlying order of revocation *void.* Rather, we hold such an omission constitutes *only* an *evidentiary flaw* which renders the revocation order *only voidable* and subject to vacation *only in a timely appeal to the district court* authorized by 47 O.S. § 6–211.

¶ 18 Having so held, and in the present case, some of the Plaintiffs entered agreed-to orders in the district court sustaining the revocation of their driver's licenses

with modification.[6] Having consented to entry of the unappealed and now-final judgments sustaining the revocation of their driver's licenses, they have waived any complaint concerning the sufficiency of the evidence to support their revocations.

¶ 19 Further, according to DPS, the remaining named Plaintiffs either have yet to exhaust, or failed to exhaust, their administrative remedies. Of those Plaintiffs who did not seek administrative review, or, having obtained administrative review, failed to seek further review in the district court, they too have waived any complaint concerning the sufficiency of the evidence to support their revocations. Of those Plaintiffs whose administrative review is pending, they may yet seek judicial review of the administrative decision in an appeal to the district court pursuant to § 6–211, but until the district court rules in each of their respective cases, any complaint in this case is clearly premature.

¶ 20 We therefore hold the trial court properly granted the motion for summary judgment of DPS and denied the motion for summary judgment of Plaintiffs. Further, to the extent the trial court deferred ruling on class certification pending a determination of the existence of a plausible claim under 12 O.S. § 2023(B), but determined Plaintiffs stated no such plausible claim in granting the motion for summary judgment of DPS, we further hold the trial court did not err in denying the Plaintiffs' motion to certify class.

¶ 21 The orders of the trial court are therefore AFFIRMED.

HETHERINGTON, C.J., concurs.

MITCHELL, P.J., concurring specially.

¶ 1 I concur in this case, but I write separately to point out that the requirement of the sworn report or affidavit of the law enforcement officer is not limited to the review proceeding in the district court. That requirement of proof also exists for the initial revocation, *see* 47 O.S. §§ 753 and 754, and

---

6. And, according to DPS, the periods of their revocations has expired, and they have obtained

reinstatement of their driver's licenses.

the administrative hearing stage if one is requested.