2015 OK CIV APP 80

Richard Glenn GIBSON,
Plaintiff/Appellee,

v.

STATE of Oklahoma ex rel., DEPART-
MENT OF PUBLIC SAFETY, De-
fendant/Appellant.

No. 113,061.

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 17, 2015.

E. Zach Smith, Gorospe & Smith Law
Firm, Tulsa, Oklahoma, for Plaintiff/Appel-
lee.

Joanne Horn, Assistant General Counsel,
Oklahoma City, Oklahoma, for Defen-
dant/Appellant.

BRIAN JACK GOREE, Presiding Judge.

¶1 Respondent/Appellant, State of Oklahoma ex rel. Department of Public Safety (DPS), seeks review of the District Court's order vacating DPS's order of revocation of the driver's license of Petitioner/Appellant, Richard Glenn Gibson (Driver). At issue is whether an officer's later filed sworn report could supplement his initial sworn report. The supplemental report stated that the officer had reasonable grounds to believe that the arrested person was driving or in actual physical control of a motor vehicle upon a public road while under the influence of alcohol or other intoxicating substances, as required by statute. We hold the sworn report is for evidentiary purposes only and is not required for jurisdictional or notice purposes. The revocation was in accordance with due process. We reverse the district court's order and reinstate the DPS order.

¶2 The material facts are undisputed. Officer Paul Lloyd (Officer) of the Bixby Police Department arrested Driver for driving under the influence of intoxicants. Driver declined a breath test, and Officer confiscated Driver's driver's license.

¶3 At the jail, Officer signed a receipt entitled, "Officer's Affidavit and Notice of Revocation/Disqualification," and served it on Driver. The affidavit and notice, dated September 19, 2013, stated that on September 18, 2013, Driver was arrested under the circumstances that his vehicle was traveling 51 mph in a 40 mph zone, and his condition was that he had "red watery eyes, slurred speech, odor of an alcoholic beverage about his breath and person, admitted to drinking 2 beers, clues on SFST [standard field sobriety test]." It said that Driver refused the state's test by stating, "No, not at this time." The document contained Driver's signature acknowledging he had been informed of the Implied Consent Test Request and refused the state's test. The document included the following notice:

EFFECTIVE THIRTY (30) DAYS FROM DATE SERVED. Notice of Revocation is given that your driver's license is revoked or denied for a period of one hundred eighty (180) days or more, if you refused or failed the state's test(s).... To appeal the driver's license revocation/disqualifica-

tion, the Department of Public Safety must receive your written request for an Administrative Hearing within fifteen (15) days from the date you received notice of revocation or disqualification.

Officer stated that he hand-delivered a copy of the notice to Driver.

¶4 Driver's attorney timely submitted a written request for a hearing. Prior to the hearing, Officer signed and submitted a "Supplemental Sworn Report," which listed the arrest data and stated:

On the above date, time and location the above named person was arrested, and I had reasonable grounds to believe the person was driving or in actual physical control of a motor vehicle upon a public road ... within this state while under the influence of alcohol and/or other intoxicating substances as prohibited by law, as indicated in the attached Officer's Affidavit and Notice of Revocation/Disqualification.

In accordance with Title 12 O.S. Section 426, "I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct."

¶5 After a hearing, the hearing officer for the DPS Commissioner entered an order finding that Driver was arrested upon reasonable belief that he was operating or in actual physical control of a motor vehicle upon public roads while under the influence of alcohol or other intoxicating substances and that he refused a chemical test. The order revoked Driver's license to drive for a period of 180 days, beginning May 17, 2014.

¶6 Driver petitioned for judicial review before the district court pursuant to 47 O.S. 2011 6–211(M). The district court vacated the order of revocation, finding that Officer's initial affidavit was fatally flawed and the supplemental affidavit was not curative of the defect in the initial affidavit because it did not afford Driver due process and an opportunity to be heard. DPS appeals from this order, contending the trial court erred as a matter of law in deciding that Driver was not afforded due process and that the supplemental affidavit did not cure the defect in the initial affidavit.

¶7 As a preliminary matter, we will consider DPS's motion to strike the two exhibits that Driver attached to his brief. The

exhibits, which are copies of correspondence between counsel, do not fall within the permissible attachments under Okla. Sup. Ct. R. 1.11(i)(1). Therefore, we grant the motion to strike and will not consider the attachments.[1]

¶ 8 The revocation of a driver's license for refusal to take a blood or breath test for alcohol concentration is controlled by 47 O.S. 2011 753 and 754. Section 753 provides that if the arrested driver refuses the test and the arresting officer submits a sworn report that the officer had reasonable grounds to believe the driver was driving while intoxicated, then the DPS Commissioner shall revoke the driver's license to drive. It also provides that the revocation shall become effective thirty days after the driver is given written notice of the revocation by either the officer or DPS as provided by Section 754.

¶ 9 Section 754 provides that if the driver who refuses the test has a driver's license, the officer must seize the license. 754(A). If the license appears valid, the officer must issue a dated receipt, which not only acknowledges receipt of the driver's license but also serves as a thirty-day authorization to drive. 754(B). In addition, the receipt contains and constitutes a notice advising the driver of revocation of the license at the end of thirty days. 754(B). If DPS receives a request for a hearing within fifteen days after the notice is issued, then the revocation is automatically stayed. 754(D).

¶ 10 The scope of the hearing includes the issue of whether the officer "had reasonable grounds to believe" that the driver was under the influence of intoxicants. 754(F). Under 753, the officer was required to issue a sworn report as to that issue. The sworn report must state on its face that the officer had reasonable grounds to believe the driver was driving a motor vehicle while under the influence of alcohol. *Roulston v. State ex rel. Dep't of Pub. Safety*, 2014 OK CIV APP 46, ¶ 11, 324 P.3d 1261, 1263. The "reasonable grounds" language is a statutory prerequisite for DPS revocation of the license. *Chase v. State ex rel. Dep't of Pub. Safety*, 1990 OK 78, ¶ 4, 795 P.2d 1048, 1049. Its absence

from the report is a facial deficiency that renders the revocation order vulnerable to invalidation. *Id.* at ¶ 5.

¶ 11 The statutory language is not, however, a jurisdictional requirement. Rather, it is a substitute for the in-person testimony of the arresting officer and serves to meet the evidentiary burden for administrative revocation. *See e.g., Chase*, 1990 OK 78, ¶¶ 5–6, 795 P.2d 1048. Section 754(B) requires the officer to submit the sworn report, along with the driver's license and a copy of the receipt, to DPS within seventy-two hours, but the officer's failure to timely file the report does not affect DPS's authority to revoke the driving privilege. In the event there is a hearing, DPS revokes the license, if at all, based on the evidence, including the administrative documentation. *Chase*, 1990 OK 78, ¶ 6, 795 P.2d 1048.

¶ 12 In the present case, Officer issued to Driver the "Officer's Affidavit and Notice of Revocation/Disqualification." This document provided Driver notice and an opportunity to be heard. However, it omitted the statutory language required for a sworn report. Several months later, Officer completed a "Supplemental Sworn Report to the Officer's Affidavit and Notice of Revocation/Disqualification," that included the statutory language. DPS served Driver's attorney with the supplemental sworn report more than thirty days before the hearing.

¶ 13 After the hearing, DPS revoked Driver's license to drive based on the evidence presented, including the supplemental sworn report. This revocation was in accordance with the process due both constitutionally and under 753 and 754. The district court's finding to the contrary is reversible error.

¶ 14 For the foregoing reasons, the district court's order is REVERSED and the DPS order is reinstated.

BUETTNER, J., and BELL, J., concur.

---

1. In addition, we note that Driver's brief fails to comply with the binding requirements of Okla. Sup. Ct. R. 1.11(c)(1). However, DPS did not move to strike the brief on this ground and we decline to do so sua sponte, although we admonish counsel to comply with the briefing rules in the future.