2016 OK CIV APP 32

Austin N. SHOPTAW, Plaintiff/Appellee,

v.

STATE of Oklahoma ex rel. DEPART-MENT OF PUBLIC SAFETY, Defendant/Appellant.

No. 113,405.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 27, 2015.

Brian K. Morton, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Whitney A. Herzog Scimeca, Assistant General Counsel, Oklahoma Department of Public Safety, Oklahoma City, Oklahoma, for Defendant/Appellant.

JANE P. WISEMAN, Judge.

¶1 State of Oklahoma *ex rel.* Department of Public Safety (DPS) appeals the trial court's order setting aside a DPS order revoking the license of Austin N. Shoptaw. Based on our review of the relevant facts and applicable law, we affirm the decision of the trial court.[1]

## FACTS AND PROCEDURAL BACKGROUND

¶2 The facts surrounding the stop and arrest are not in dispute. On September 30, 2013, Shoptaw was arrested in Oklahoma City by Officer William Robison[2] for actual physical control of a motor vehicle while intoxicated. Shoptaw refused the State's sobriety test and was given the "Officer's Affidavit and Notice of Revocation/Disqualification" (affidavit and notice). Shoptaw timely requested an administrative hearing.

¶3 On January 26, 2014, Officer Robison completed a "Supplemental Sworn Report to

1. DPS filed a "Suggested Aid to the Court" attaching a Court of Civil Appeals Opinion issued in Case Number 113,061. We note, however, that at the time this No. 113,061 Opinion was issued, a petition for certiorari was pending before the Oklahoma Supreme Court, and no mandate has issued. Because mandate has not issued, it is considered an unpublished opinion. Supreme Court Rule 1.200(d)(2), 12 O.S. Supp. 2014, ch. 15, app. 1. "Because unpublished opinions are deemed to be without value as precedent and are not uniformly available to all parties, opinions so marked shall not be considered as precedent by any court or cited in any brief or

other material presented to any court, except to support a claim of res judicata, collateral estoppel, or law of the case." Supreme Court Rule 1.200(c)(5), 12 O.S. Supp. 2014, ch. 15, app. 1. We therefore deny consideration or application of the "Suggested Aid to the Court" to this case.

2. Although the officer was referred to as Officer Robinson in the transcript, we note his name is spelled "Robison" in the affidavit and notice and supplemental affidavit. Thus, we spell it "Robison."

the Officer's Affidavit and Notice of Revocation/Disqualification" (supplemental affidavit) provided to him by DPS. Officer Robison testified that although he gave a copy of the affidavit and notice of revocation to Shoptaw, he did not give him a copy of the supplemental affidavit and does not know if a copy was ever given to him. Shoptaw's attorney, however, testified during the hearing that he received a copy of the supplemental affidavit on February 7, 2014.

¶4 On March 18, 2014, DPS conducted an administrative hearing and issued an order on March 25, 2014, sustaining the revocation of Shoptaw's driver's license. Shoptaw timely appealed to the Oklahoma County District Court.

¶5 At the conclusion of the hearing on May 28, 2014, the trial court set aside the revocation of Shoptaw's driver's license finding that the only revocation notice he received was based on a facially invalid officer's affidavit. The trial court's order states in part:

The Court makes it[ ]s ruling based on the testimony given, and on applicable laws, and rules as follows:

1) Pursuant to 47 O.S. § 6–211(1), the revocation of [Shoptaw's] driver's license arising from the arrest of [Shoptaw] on September 30th, 2013, is hereby set aside;

2) [DPS] shall not refile any implied consent action against [Shoptaw] as a result of the arrest;

3) The supersedeas bond posed [sic ] in this case shall be exonerated.

The Revocation Order entered by [DPS] on the 25th day of March, 2014, is hereby set aside. [Shoptaw's] Appeal is hereby sustained by the Court.

¶6 DPS appeals.

## STANDARD OF REVIEW

¶7 The issue before us involves a question of law, which we review de novo. Justus v. State ex rel. Dep't of Pub. Safety, 2002 OK 46, ¶3, 61 P.3d 888. "In a de novo review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law." Id.

## ANALYSIS

¶8 The issues on appeal proposed by DPS all stem from whether the trial court erred in finding the supplemental affidavit failed to cure the defect found in the affidavit and notice. Of these issues, the trial court seemed to be most concerned about the fact that the only revocation notice Shoptaw received was based on an invalid officer's affidavit. Based on this conclusion, the trial court set aside the revocation.

¶9 The trial court concluded the following during the May 2014 hearing:

Notice has to be given to the driver, he has 15 days after that notice is given in order to request an administrative hearing, and says the officer's affidavit, setting out those grounds will be deemed sufficient unless that they're facially invalid. That's in the statute.

Here, the only notice given to the driver has been deemed facially invalid. The only revocation notice he received was based on that facially invalid affidavit. The supplemental affidavit says "whatever I said back then is true." They did not even have Officer [Robison] do a new affidavit. I don't know what that would have gotten them; it's not before me. I think it is unfortunate that here you have an officer doing his job, here you have a guy who's plainly intoxicated, he's got a history of intoxication and yet, I find myself having to set it aside. Revocation is set aside.

¶10 It is undisputed that the officer's affidavit, by itself, does not comply with 47 O.S.2011 § 753 or § 754(C) because it fails to state "that the officer had reasonable grounds to believe the arrested person had been driving [operating] or was in actual physical control of a motor vehicle . . . while under the influence." Id. Section 753 is applicable in this case because Shoptaw refused to submit to a blood or breath test.

¶11 This Court in Roulston v. State ex rel. Department of Public Safety, 2014 OK CIV APP 46, 324 P.3d 1261 concluded:

Our review of the applicable statutory language reveals a plain and unambiguous

directive as to the express content of the Officer's sworn report. The statute mandates the sworn report expressly provide "that the officer had *reasonable grounds to believe* the arrested person had been driving ... a motor vehicle ... while under the influence ... ." § 753 (emphasis added). Further, it is upon the Commissioner of Public Safety's receipt of this specific sworn report, which triggers the license revocation.

. . . .

While the factual details in the Affidavit concerning the Driver's driving conduct and condition may constitute the actual *grounds giving rise to* the Officer's reasonable belief that the Driver had been driving under the influence, this specific statutorily required *sworn statement regarding that belief* is notably absent. Because the Officer's Affidavit did not include the sworn report as required by statute as to the Officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, the evidence on which the administrative revocation action rested is patently deficient. Just as in *Chase [v. State ex rel. Dep't of Public Safety,* 1990 OK 78, 795 P.2d 1048], we find the Affidavit upon which the revocation order rests fatally flawed as a matter of law and thus, that order was properly set aside by the trial court.

*Id.* ¶¶ 9, 11 (footnote omitted); *see also Tucker v. State ex rel. Dep't of Pub. Safety,* 2014 OK CIV APP 45, ¶ 11, 326 P.3d 542 (holding the revocation must be set aside because the officer's affidavit failed to meet the statutory requirements as to the officer's reasonable grounds to believe the arrested person had been driving while under the influence).

¶ 12 DPS argued during the hearing that the supplemental affidavit is "not a stand-alone item" but instead "goes with the officer's affidavit and notice of revocation."[3] Put differently, DPS argues that even though the affidavit, by itself, does not comply with 47 O.S.2011 § 753 (refusal) or § 754 (test and procedure), the supplemental affidavit containing the requisite language brings it into compliance. DPS additionally argues that § 754(B) does not require a sworn affidavit "to be completed at the time of arrest" and "does not have to be on the same sheet of paper as the notice" and does not have to be served on the driver.

¶ 13 Section 754(B) states:

If the evidence of driving privilege surrendered to or seized by the officer has not expired and otherwise appears valid, *the officer shall issue to the arrested person a dated receipt for that driver license, permit, or other evidence of driving privilege on a form prescribed by the Department of Public Safety. This receipt shall be recognized as a driver license and shall authorize the arrested person to operate a motor vehicle for a period not to exceed thirty (30) days. The receipt form shall contain and constitute a notice of revocation of driving privilege by the Department effective in thirty (30) days.* The evidence of driving privilege and a copy of the receipt form issued to the arrested person shall be attached to the sworn report of the officer and shall be submitted by mail or in person to the Department within seventy-two (72) hours of the issuance of the receipt. The failure of the officer to timely file this report shall not affect the authority of the Department to revoke the driving privilege of the arrested person.

47 O.S.2011 § 754(B)(emphasis added).

¶ 14 The notice, which contains the "receipt" referenced above in § 754(B), requires the officer to issue a copy to the arrested person and constitutes the notice of revocation by DPS effective in thirty days. 47

---

**3.** The supplemental affidavit states in relevant part:

On the above date, time and location the above named person was arrested, and I had reasonable grounds to believe the person was driving or in actual physical control of a motor vehicle upon a public road, highway, street, turnpike, public parking lot, or other public place, or upon a private road, street, alley or lane which provides access to one or more single or multi-family dwelling within this state while under the influence of alcohol and/or other intoxicating substances as prohibited by law, as indicated in the attached Officer's Affidavit and Notice of Revocation/Disqualification.

In accordance with Title 12 O.S. Section 426, "I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct."

O.S.2011 § 754(B). We agree with DPS there is no statutory requirement the affidavit and notice of revocation be contained on the same form. And although this has led to considerable confusion, we agree with DPS that only the notice of revocation contained in the "receipt" is required to be served on the driver.

¶ 15 However, in order to determine whether the supplemental affidavit cures the defect of the officer's original affidavit, we must examine this issue in chronological order. It is undisputed that the affidavit and notice form dated September 30, 2013, contains an invalid officer's affidavit. As stated in *Roulston*, "[b]ecause the Officer's Affidavit did not include the sworn report as required by statute as to the Officer's reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, the evidence on which the administrative revocation rested is patently deficient." *Roulston*, 2014 OK CIV APP 46, ¶ 11, 324 P.3d 1261. If the officer's affidavit which contains the evidence supporting revocation of a license is invalid, then the notice of revocation issued to the driver and any subsequent revocation order issued by DPS are also invalid.

¶ 16 As the trial court correctly determined, the only notice provided to Shoptaw in this case was invalid because the only revocation notice he received was based on an invalid affidavit. The supplemental affidavit does not contain a new notice of revocation served on Shoptaw as required by 47 O.S.2011 § 754, so we cannot conclude the revocation was valid. We affirm the trial court's decision in this matter.

### CONCLUSION

¶ 17 We conclude the trial court correctly set aside the revocation order and reinstated Shoptaw's license.

¶ 18 **AFFIRMED.**

GOODMAN, V.C.J., and FISCHER, P.J., concur.