Application of Noma Peters for Restoration of her Driver's License.

Noma PETERS, Appellee,

v.

OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Appellant.

No. 48407.

Supreme Court of Oklahoma.

Dec. 7, 1976.

Mark A. Ashton, Ashton, Ashton, Wisener & Munkacsy, Inc., Lawton, for appellee.

Stephen G. Fabian, Jr., Associate Counsel, Department of Public Safety, Oklahoma City, for appellant.

LAVENDER, Justice:

This appeal involves the revocation of the driver's license of Noma Peters (Peters), appellee, pursuant to the state's "Implied Consent Law," 47 O.S.1971, § 751, et seq.

Peters was driving an automobile in Lawton, Oklahoma, on December 1, 1974,

at about 2:30 A.M. The police stopped her vehicle. She was arrested, transported to police headquarters, and booked. There were three other persons in the vehicle as passengers. Here the problem involves an issue of fact as to whether Peters refused to submit to test for determining alcoholic content of blood.

The Commissioner of Public Safety revoked Peters' license for six months under § 753. That revocation was upheld at the hearing provided by § 754. Peters took an appeal to district court. § 755. The district court restored the driver her license and reversed the suspension. Trial court found lack of proof by a preponderance of the evidence that Peters refused to submit to the test. Oklahoma Department of Public Safety (Department) appeals.

Department argues its evidence shows Peters would not submit to either test of blood or breath; that she conditioned any test on her attorney being present; that condition is not necessary and is the same as a refusal. It cites *Robertson v. State ex rel. Lester,* Okl., 501 P.2d 1099 (1972) and *Phares v. Department of Public Safety,* Okl., 507 P.2d 1225 (1973). Peters' defense makes issue one of fact and not of law. She argues her evidence shows there was no denial for she was not offered the opportunity of submitting to the test.

■ The legal burden of proof is "preponderance of evidence" in a Suspension Hearing. *Application of Baggett,* Okl., 531 P.2d 1011 (1974).

The evidence in the district court hearing was in direct conflict. Parties in their brief point to and quote from testimony supporting their separate positions. The record has been reviewed.

Peters presented as witnesses herself and four others. She denied the arresting officers at any time during her arrest or booking at the police station gave her an opportunity to submit to the alcoholic content test. Three of her witnesses were passengers in the car with her at the time of her arrest. At that time, these witnesses did not hear the officers give Peters the opportunity of such a test or denial. One of the witnesses accompanied Peters to the police station in the officer's car. He was also present at the police station during much of the booking procedure and most of the time reasonably physically near Peters. He heard no opportunity to take the test given to or refused by Peters. Two of these witnesses were "related by marriage" to Peters. The three had been "partying" with her prior to her arrest. These witnesses were not always in a physical position to know if the opportunity of testing was ever offered to Peters. Peters' attorney arrived at the police station after the arrest. Peters contends it was not then too late for the test. The attorney requested Peters be given the test. It was not administered.

The Department presented as witnesses the two arresting officers. Each officer testified as to reading her rights to her, including the opportunity of testing and her right to refuse, at the scene of the arrest while she was in the police car; her refusal to submit to the test while transporting her to the police station; and the same reading of her rights as to testing and her refusal at the police station. Her refusal was generally in terms of not doing anything until her attorney was present.

There is confusion and conflict in the evidence as to what exactly occurred at the scene of the arrest and at the police station. There is evidence upon her release of her seeking a voluntary test at a hospital. That was not administered for she refused to sign a release of all liability as to the hospital.

■ The district court hearing was the judicial review of the Department's revocation order. The preponderance of the evidence test is to be applied. *Application of Baggett, supra.* This is the test applied by the trial court. Evidence in support of the Department's claim Peters refused to submit to the test was found short of meeting the preponderance of the evidence test. An appeal from the sustain-

ing of an order revoking a driver's license under the Implied Consent Law is governed by the appeal provision of the Highway Safety Code. 47 O.S.1971, §§ 6–211; 751 et seq. *Application of Baggett, supra,* Although the hearing for revocation of a driver's license is an administrative proceeding, when the order of the Commissioner is appealed to the district court, it becomes a judicial proceeding. *Oklahoma Department of Public Safety v. Robinson,* Okl., 512 P.2d 128, 131 (1973). The trial judge was the trier of the fact. The fact issue of no denial of submission to the test by Peters was found by that trier of the facts in favor of Peters. This fact determination was under the proper burden of proof of the preponderance of the evidence. We agree with the trial court. We find no reason to reverse.

Affirmed.

All of the Justices concur.