2006 OK CIV APP 105

**Robert CHYZY, Plaintiff/Appellant,**

v.

**OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.**

**No. 102,917.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 18, 2006.

Thomas R. Cook, Oklahoma City, OK, for Plaintiff/Appellant.

A. DeAnn Taylor, Department of Public Safety, Oklahoma City, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶ 1 Plaintiff Robert Chyzy was arrested July 17, 2005 for driving under the influence in Edmond, Oklahoma. He declined a breathalyzer test and was charged based on the officer's observations. He signed a Notice of Revocation/Disqualification signifying that he had been read the Implied Consent Test Request. Chyzy timely submitted a written request for hearing to the Department of Public Safety (DPS). A hearing date was set, but neither he nor his lawyer attended. DPS submitted its evidence and Chyzy's license was revoked. Chyzy then

appealed that decision to the District Court which sustained the revocation and denied modification. We affirm.

¶ 2 The administrative hearing was set for 11:00 a.m. August 29, 2005. Chyzy testified in the District Court proceeding that he had been working that morning, clearing some land between Guthrie and Edmond. He had locked his keys and cell phone in his truck and could not enter it. He finally broke out the truck's back window about 11:45 or noon, then went home. He stated he received notice of the hearing from DPS. Chyzy also stated that he later called DPS because he was really upset. His lawyer stated to the Court that he did not know about the hearing date until afterwards. DPS put on evidence that it had sent notice to both him and a previous lawyer, and that the notice had been received.

¶ 3 In its order from the bench, the trial court stated that Chyzy failed to exercise his opportunity to be heard at the administrative level and that DPS then issued its order sustaining the revocation. The trial court noted that it was confined to what was presented at the administrative level, and based on that evidence, denied the appeal. It further found, because it was a mandatory three-year revocation (two or more revocations within five years preceding the arrest in question), the court was without jurisdiction to consider a modification.

¶ 4 Chyzy raises two issues in his Brief of Appellant. First, he concedes that the District Court, pursuant to 47 O.S. § 6–211(G), did not have authority to review the merits of the revocation, but should have reviewed DPS's decision not to grant a new hearing.

¶ 5 DPS claims that the trial court lacked jurisdiction to hear the merits of the case pursuant to 47 O.S.2001 § 6–211(F) because Chyzy failed to exhaust his administrative remedies. Chyzy contends that the statute does not give someone the opportunity to

reschedule a hearing and states, based on due process principles, "... the severity of the revocation should demand that he be given a chance to be heard."

¶ 6 Driver's license revocation hearings do not follow most administrative patterns. Oklahoma has an administrative code and after an individual hearing, an aggrieved party may appeal to district court, which then acts as an appellate court. 75 O.S. § 318. In those cases, the district court reviews the administrative record for certain legal errors. In some cases, administrative rules allow the individual hearing officer to grant continuances.[1] In driver's license cases, however, unless the licensee fails to appear at the administrative level, and the revocation is sustained, on appeal to the district court, the district court has original jurisdiction and may hold a trial on the merits. 47 O.S.2001 § 6–211(A) & (I). In other words, a licensee who appears at his revocation hearing and loses, is granted expanded process; he is afforded a trial on the merits in district court. However, by not appearing at the administrative level, the licensee is granted a very limited review in the district court which does not include the merits of the revocation. Title 47 O.S.2001 § 6–211(F) provides:

At a hearing on a revocation by the Department pursuant to the implied consent laws as provided in Sections 6–205.1, 753 and 754 of this title, the court shall not consider the merits of the revocation action unless a written request for an administrative hearing was timely submitted to the Department and the person actually exercised the opportunity to appear as provided in Section 754 of the title and the Department entered an order sustaining the revocation.

¶ 7 DPS's response, that Chyzy did not exhaust his administrative remedies by

---

1. For example, the Administrative Law Judge for the Merit Protection Commission is authorized to grant continuances for hearings at OAC 455:10–9–2(e)(4): A request for continuance shall be filed in accordance with OAC 455:10–3–17 normally no less than 3 calendar days prior to the scheduled hearing. A lesser period of time may be permitted for good cause shown. The Admin-

istrative Law Judge or in his or her absence, the Executive Director, shall rule on the request and in no case shall a combination of continuances of the hearing exceed a total of 30 calendar days except for good cause shown.

The OAC for DPS contains no provision for continuances.

his failure to attend the administrative hearing, thus depriving the district court of jurisdiction, is not persuasive. Another panel of the Court of Civil Appeals, in a case involving 47 O.S. Supp.1996 § 6–211(F), *Sipes v. Department of Public Safety,* 1997 OK CIV APP 82, ¶ 20, 950 P.2d 881, 885,[2] has addressed the issue of exhaustion of administrative remedies. It held that so long as the contingencies expressed in the statute were met (initiation of the administrative process and a final administrative outcome), then the licensee had satisfied the doctrine. That is also the case here where Chyzy requested the hearing which resulted in a final administrative order. Attendance at the hearing was not required in order to satisfy the doctrine of exhaustion of administrative remedies.

¶ 8 Because § 6–211(F) does not allow review of the merits of the revocation, the district court and this court is limited to procedural issues. In this case, Chyzy complains about the failure to provide a second hearing. DPS presented evidence that both Chyzy and his attorney received notice of the hearing date and failed to appear. The circumstances of Chyzy breaking into his truck between 11:45 and 12:00 to retrieve his cell phone and keys did not convince the trial court that he was prevented from appearing at the 11:00 a.m. hearing by circumstances beyond his control. There is nothing in the record before DPS documenting a request to reschedule the hearing. Nor has Chyzy cited any authority that either DPS, or the district court on appeal, had authority to reschedule the hearing.

¶ 9 Chyzy has not shown that the trial court's decision to sustain the revocation or on procedural matters was contrary to law, or an abuse of discretion.

¶ 10 Chyzy's second issue on appeal is that the District Court erred in failing to issue findings of fact and conclusions of law. Title 12 O.S.2001 § 611[3] provides a procedure for

requesting findings of fact upon the trial of questions of fact. Because there is no record evidence that Chyzy requested findings under § 611, we need not decide § 611's applicability to § 6–211(A) proceedings.

¶ 11 The order of the District Court sustaining the revocation of Robert Chyzy's driver's license is AFFIRMED.

ADAMS, J., and MITCHELL, P.J., concur.

2. *Sipes* also included a discussion of the scope of district court review which is no longer applicable because of changes to § 6–211 in 1999.

3. 12 O.S.2001 § 611: Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state, in writing, the findings of fact found, separately from the conclusions of law.