OSCN Found Document:CHANDLER v. STATE ex rel. DEPT. OF PUBLIC SAFETY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CHANDLER v. STATE ex rel. DEPT. OF PUBLIC SAFETY
2017 OK CIV APP 47
Case Number: 115275
Decided: 09/08/2017
Mandate Issued: 10/03/2017
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2017 OK CIV APP 47, __ P.3d __

 

CONNER CHANDLER, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA ex rel., DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.



APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DEBORAH LUDI LEITCH, TRIAL JUDGE



REVERSED



Paul D. Brunton, Tulsa, Oklahoma, and Sabah Khalaf, KHALAF LAW FIRM, P.L.L.C., Tulsa, Oklahoma, for Plaintiff/Appellant,
Joanne Bryant Horn, Oklahoma City, Oklahoma, for Defendant/Appellee.




Barbara G. Swinton, Judge:


¶1 Conner Chandler (Chandler) appeals a district court order sustaining an order of the Department of Public Safety (DPS) revoking his driver's license for refusal to submit to State's tests for alcohol. Based on the appellate record and applicable law, we reverse the order.

FACTS AND PROCEDURAL BACKGROUND

¶2 On August 7, 2013, a police officer for the City of Glenpool, Oklahoma, stopped Chandler in his truck and arrested him for driving under the influence. According to the "Officer's Affidavit and Notice of Revocation/Disqualification" (hereinafter, Affidavit or Officer's Affidavit) completed by Officer Plane,[1] he observed Chandler's "vehicle swerving between lanes" and "traveling north straddling the center lane" and that he "was unsteady on his feet, red watery eyes, smelled of marijuana." Officer Plane signed the Affidavit, affirming "under penalty of perjury" that he advised Chandler of the "Implied Consent Test Request," Chandler refused, and Officer Plane "personally hand-delivered a copy" to Chandler on "08-07-13."

Administrative Proceedings

¶3 DPS revoked Chandler's driver's license. Chandler timely requested an administrative hearing which stayed the revocation.[2] For reasons not disclosed by the record, neither Chandler nor his attorney appeared at the hearing held March 3, 2014.

¶4 One week later the DPS Hearing Officer entered an order sustaining the revocation, which reads, "after examining the records in this case...[he] finds proper notice of the hearing has been served upon [Chandler]." The order further reads "[b]y reason of the failure to participate in said hearing the affidavit of Officer Plane stating that the licensee refused to submit to chemical testing after being arrested upon reasonable grounds for driving under the influence should be taken as true." (Emphasis added.) The Hearing Officer lifted the prior stay and revoked Chandler's driving privilege for one year "beginning 05/04/2014." The order dated March 10, 2014 indicates it was mailed March 13, 2014 (DPS Order).

District Court Review Proceedings

¶5 On April 7, 2014, Chandler filed a cash bond to stay the DPS Order and a petition to set it aside in the Tulsa County District Court, alleging DPS "failed to comply with the mandate in 47 O.S. § 753" and "the failure of the affidavit marked as 'exhibit 1' to comply with 47 O.S. § 753." Two exhibits are attached to the petition. Exhibit No. 1 is a copy of the Affidavit dated "08/07/13."[3] Exhibit No. 2 is a copy of the DPS Order.

¶6 The parties agreed to delay the district court's review until decision in an unrelated appeal from a implied consent revocation order.[4] Two years later, new co-counsel for Chandler appeared at the review hearing held June 29, 2016. Admitting only the DPS Order into evidence,[5] DPS argued Chandler "did not exhaust his administrative remedies as required by [47 O.S. 2011] § 6-211(F)" because he failed to participate at the administrative hearing and therefore he "is not entitled to a hearing on the merits."

¶7 Chandler argued the "officer's affidavit is facially deficient pursuant to the lineage of cases from [Roulston] to Tucker to [Shoptaw]"[6] and "we don't even get to § 6-211(F)." He also argued Sipes v. State ex rel. Dept. of Public Safety, 1997 OK CIV APP 82, ¶ 20, 950 P.2d 881, supports he exhausted his administrative remedies because the Court held the licensee, who also did not attend the administrative hearing, had nevertheless satisfied § 6-211(F) by requesting that hearing and timely filing an appeal from the revocation order.

¶8 DPS pointed out the Legislature had amended § 6-211(F) since Sipes, by adding a requirement for appearance at the administrative hearing, and that "[Chandler's] got two out of the three." DPS then read the Sipes Court's holding into the record.

¶9 Chandler argued, regardless of his absence at the administrative hearing, DPS had to admit the Affidavit into evidence, which "unidentified" facial deficiency he contended "is subject to invalidation on timely appeal."[7] DPS distinguished "every one" of Chandler's cases, arguing "each licensee appeared at the administrative hearing" as § 6-211(F) now requires and "[Chandler] does not get the benefit of these cases." DPS also argued when the administrative hearing in Chandler's case was held in March 2014, mandates had not been entered in recent appellate court decisions holding a sworn report missing § 753's reasonable grounds statement is facially deficient and makes a revocation order subject to invalidation on timely appeal.

¶10 Interpreting § 6-211(F), the trial court stated "[t]his Court cannot even consider the merits of the revocation because those three requirements are necessary." Chandler acknowledged twenty years had passed since Sipes and § 6-211(F)'s amendment, but contended it was the same issue of "whether the failure of the licensee to appear at the administrative hearing exhausts his remedies?" He then added, "[the Court has] to take into consideration § 754(D)'s" language, "[t]he sworn report of the officer, together with the results of any test or tests, shall be deemed true absent any facial deficiency should the requesting person fail to appear at the scheduled hearing."

¶11 The trial court asked DPS to respond since "there was a facial deficiency on that affidavit." DPS replied, "And [Chandler] could have brought that up at the administrative level. It could have been appealed to the District Court and set aside like everyone else's. And he did not do that."

¶12 The trial court announced "because § 6-211[F] now requires the licensee to be present at the administrative hearing, Chandler did not exhaust his administrative remedies pursuant to the statute." Chandler conceded § 6-211(F) prohibits consideration of the merits of the revocation when a licensee fails to attend, but asked the court to re-consider its ruling because "[§ 754(D)] specifically addresses when the licensee doesn't appear at the hearing" and:

In this case we're talking about the facial deficiency of the affidavit subject to invalidation. We're not asking the police officer to come in here and testify to the merits of the stop or the merits of the arrest. We're addressing the document produced by [DPS] that is required. You have requisite language on it, which makes it subject to invalidation through the facial deficiency. And so reading that section, that portion of [§]6-211(F). In conjunction with [§]754(D), I think it's obvious that this is exactly the type of situation that those are carved out to address...And at the implied consent hearing, they would have had to introduce the officer's affidavit." (Emphasis added.)

Chandler re-urged § 6-211(F) and § 754(D) "were crafted for a situation where a licensee does not appear" and "the legislature intended to have a remedy for a situation when a licensee does not appear, but there's a facial defect with the affidavit...the language at § 754 is clear as day." (Emphasis added.)

¶13 DPS refuted Chandler in stating "[§ 754(D)] language is appropriate and it applies when DPS has knowledge that there is a facial deficiency, which was not on (sic) the case at the time that we sustained this revocation." (Emphasis added.) DPS then asserted "a facial deficiency would be receiving an affidavit an officer didn't sign or something like that...that is obvious on the four corners on the document. And § 754(D) was not meant to address the supplemental affidavit cases." It lastly contended the Supreme Court's recent denial of certiorari "determined this was not a facial deficiency in two cases," Gibson and Drake,[8] both of "which went up on a supplemental affidavit" and each court held "the facial deficiency was evidentiary, not jurisdictional."

¶14 The District Court opined, "[Chandler] did not exhaust his administrative remedies" and "[§ 754] did not take into consideration the deficiency in [Chandler's] case." The District Court order was filed June 29, 2016. Chandler appeals.[9]

 

ORDER ON APPEAL

 

¶15 The District Court's Order includes three rulings: 1) "No reason existed at the time of the administrative hearing for DPS to consider the Officer's Affidavit facially invalid"; 2) Chandler "did not exhaust his administrative remedies"; and 3) "47 O.S. §754(D) does not refer to the supplemental affidavit issue."

¶16 We assume the court's use of the phrase "facially invalid" in its first ruling is synonymous with "facial deficiency," which latter phrase the parties and judge used to describe the Affidavit during the review hearing without identifying its specific defect. Review of the Affidavit attached to Chandler's petition supports his sole allegation of its failure to comply with 47 O.S. 2011 § 753.[10] This Implied Consent statute requires a "sworn report of the law enforcement officer that the officer had reasonable grounds to believe the arrested person had been driving ... a motor vehicle ... while under the influence of alcohol ... and that the person had refused to submit to the test or tests..." The latter requirement is clearly marked on the Affidavit served on Chandler on the date of his arrest, but the same Affidavit is missing § 753's required statement of the officer's reasonable grounds to believe the arrested person had been driving ... a motor vehicle ... while under the influence of alcohol ..." Considering this same statutorily required statement was missing from the sworn reports in Chandler's authorities referenced at the review hearing, this Court's description of the subject Affidavit as "facially deficient" refers to the absence of §753's "reasonable grounds statement."

¶17 The Court's second ruling, i.e., Chandler failed to exhaust his administrative remedies, implies the Court determined she lacked authority and/or jurisdiction to consider his petition because a "facially deficient" sworn report is part of the merits of the revocation, review of which § 6-211(F) expressly prohibits unless the licensee has satisfied its three requirements. This same ruling implies rejection of Chandler's argument that no exhaustion of administrative remedies is required for review of whether DPS has failed to comply with § 754 and § 754(D).

¶18 Because it is undisputed Chandler failed to attend the administrative hearing, the Court's second ruling would generally be dispositive of his petition. However, the Court was also presented with the parties' arguments about § 754(D)'s interpretation and application to: a) DPS' duty, if any, to facially review the officer's sworn report for compliance with § 753 when the licensee fails to attend the administrative hearing; b) whether a sworn report lacking a officer's reasonable grounds statement is a "facial deficiency" under § 754(D), and c) supplemental sworn reports/affidavits. In light of the court's exhaustion finding, we treat the first and third rulings as resolving these legal and/or procedural arguments.

STANDARD OF REVIEW

¶19 Exhaustion of statutory remedies is a jurisdictional prerequisite for resort to the courts. Martin v. Harrah Independent School District, 1975 OK 154, ¶ 7, 543 P.2d 1370. A trial court's legal rulings, including jurisdiction and statutory interpretation, are reviewed de novo, meaning " non-deferential, plenary and independent." Jobe v. State ex rel. Dept. of Public Safety, 2010 OK 50, ¶ 13, 243 P.3d 1171, 1175. On appeal from orders of implied consent revocations, an appellate court will not reverse the district court's findings unless they are erroneous as a matter of law or lack sufficient evidentiary foundation. Tucker v. State ex rel. Dept. of Public Safety, 2014 OK CIV APP 45, 326 P.3d 542.

Issues on Appeal

¶20 Argued thoroughly below, Sipes addressed for the first time whether a licensee who failed to appear at the administrative hearing but timely filed for review had by his non-appearance exhausted his administrative remedies under § 6-211(F). Because the 1996 version of § 6-211(F) did not expressly require the licensee's appearance at that hearing, the Sipes Court found Sipes had satisfied the statute's two exhaustion requirements, but reversed the court's vacation of DPS' revocation order because the trial de novo exceeded its appellate jurisdiction under § 6-211(A) and remanded for hearing limited to the evidence presented at the administrative hearing.

¶21 In this case, the main focus at the review hearing was the Legislature's post-Sipes amendment to § 6-211(F) that added a requirement for a licensee's appearance at the administrative review. That amendment, and an amendment to § 6-211(A) that returned original jurisdiction to the district court and providing for trial de novo on all fact and legal issues in an appeal from an implied consent revocation order, went into effect November 1, 1999, twenty three months after Sipes. However, only sixteen months after Sipes, the Legislature had amended § 754(D) by adding the language on which Chandler relied below.

¶22 The Oklahoma Court of Civil Appeals addressed the post-Sipes amendments to § 6-211 when determining whether the district court had correctly decided the question of exhaustion of administrative remedies in two published opinions, Davis v. State ex rel. Dept. of Public Safety, 2001 OK CIV APP 154, 37 P.3d 974,[11] and Chyzy v. Oklahoma Dept. of Public Safety, 2006 OK CIV APP 105, 143 P.3d 233.[12] The licensee in each case, like Chandler, had failed to attend the scheduled administrative hearing and timely filed for district court review, but only alleged error with DPS' refusal to reschedule another administrative hearing.

¶23 Our research yields no published Oklahoma case law in an appeal from an order of the district court sustaining DPS' driver's license revocation with this procedural history and during which the licensee relied on § 754(D) to challenge DPS' failure to exhaust administrative remedies argument relying on § 6-211(F). Consequently, to determine whether the District Court correctly decided Chandler failed to exhaust his administrative remedies under § 6-211(F), we turn to the statutory language.

ANALYSIS

Interplay between §§ 6-211(F) and 754(D)

¶24 Title 47 O.S.2011 § 6-211(F), which was applicable when Chandler was arrested in 2013, provides:

At a hearing on a revocation by the Department pursuant to the implied consent laws ... the court shall not consider the merits of the revocation action unless a written request for an administrative hearing was timely submitted to the Department and the person actually exercised the opportunity to appear as provided in [§] 754 of this title and the Department entered an order sustaining the revocation. (emphasis added.)

The underlined phrase is Legislature's post-Sipes appearance requirement on which DPS relies for its argument Chandler failed to exhaust his administrative remedies.

¶25 Chandler's argument against § 6-211(F)'s application relies on the Legislature's post-Sipes amendment to § 754(D) (italicized below):


D. Upon the written request of a person whose driving privilege has been revoked or denied by notice ... the Department shall grant the person an opportunity to be heard if the request is received by the Department within fifteen (15) days after the notice. The sworn report of the officer, together with the results of any test or tests, shall be deemed true, absent any facial deficiency, should the requesting person fail to appear at the scheduled hearing.[13]


 

He contends the court's interpretation of § 754(D) as ambiguous is contrary to the section's "explicit" language and Chase v. State ex rel. Dept. of Public Safety, 1990 OK 78, 795 P.2d 1048, which holds a sworn report with the officer's reasonable grounds statement is a statutory prerequisite for DPS authority to revoke a driver's license, and absent said statement, DPS' revocation order is subject to invalidation on timely appeal. The court did not find § 754(D) is ambiguous, but the order's first and third rulings indicate agreement with DPS' arguments that it does not apply.

 

¶26 Interpretation and application of statutes presents a question of law, which is reviewed de novo. See In re City of Durant, 2002 OK 52, ¶ 2, 50 P.3d 218, 220. "The primary goal of statutory construction is to ascertain and give effect to legislative intent," which is "first divined from the language of a statute." Jobe v. State ex rel. Dept. of Public Safety, 2010 OK 50, ¶ 13, 243 P.3d 1171, 1175. "[I]n construing statutes, relevant provisions must be considered together, where possible to give force and effect to each." Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n, 1988 OK 117, ¶ 7, 764 P.2d 172, 179. "If a statute is plain and unambiguous, it will not be subjected to judicial construction, but will receive the effect its language dictates." Id.

¶27 Section 6-211(F) specifically addresses district court appeals from DPS administrative orders sustaining revocations of driver's licenses. Section 754(D) provides for the administrative hearing, upon the licensee's timely written request after DPS has initially revoked the driver's license. The two statutes similarly address a licensee's failure to appear at the requested hearing, but each imposes a different consequence for said failure at different stages in an implied consent revocation proceeding. Reconciling these statutes and determining their application to the facts of this case is also a question of law. Eagle Bluff, L.L.C. v. Taylor, 2010 OK 47, 237 P.3d 173.

Interpretation of § 6-211(F)

¶28 As used in § 6-211(F), the well-defined meaning of "the term 'merits' includes the real or substantial grounds of an action or defense, and excludes matters of practice, procedure, and evidence."[14] Sommer v. Sommer, 1997 OK 123, ¶ 6, 947 P.2d 512. This definition of "merits" is consistent with Chyzy v. Oklahoma Department of Public Safety, 2006 OK CIV APP 105, ¶ 8, 143 P.3d 233, in which the Court held "[b]ecause § 6-211(F) does not allow review of the merits of the revocation, the district court and this court is limited to procedural issues." (Emphasis added.) Both parties agree on appeal with the Chyzy holding, but DPS specifically argues "[e]valuation of the Affidavit represents a substantive issue, precluded from review by the trial court." In contrast, Chandler asserts it is a procedural issue that pursuant to § 754(D) is reviewable by the district court.[15]

 

¶29 All issues that address the elements of a 'cause of action' and of the available defenses (against it) constitute the merits of the case." Allen v. Lynn Hickey Dodge, Inc., 2001 OK 93, n. 21, 39 P.3d 781, 791. The merits of a revocation based on refusal to submit to tests for alcohol requires State to prove four elements,[16] the first of which is: "the officer had reasonable grounds to believe the person had been operating or was in actual physical control of a vehicle upon the public roads ... or other public place of this state while under the influence of alcohol ...." (Emphasis added.) This element is identical to § 753's mandate for the officer's reasonable grounds statement.

 

¶30 However, the test for "[w]hat is on or dehors the merits depends on whether the issue at hand affects one or more elements of a claim for relief or any elements of the defense that stands interposed against the claim." Shamblin v. Beasley, 1998 OK 88, ¶8, 967 P.2d 1200. "The issue at hand" Chandler's petition and hearing arguments presented to the district court is the invalidity of DPS' revocation order based on its failure to comply with § 753 and § 754(D). This issue requires a determination of whether the officer's sworn report includes the two statutory prerequisites fundamental to its authority to revoke Chandler's driver's license.

¶31 A "hearing on the merits" or "merits determination" is "rendered after argument and investigation, and when it is determined which party is in the right, as distinguished from a judgment rendered upon some ... merely technical or procedural point, or by default and without a trial." (Emphasis added.) Kolaski v. State, 2011 OK CIV APP 61, ¶ 5, 253 P.3d 1007, 1009. Section 6-211(F)'s phrase, "merits of the revocation," plainly refers to a trial de novo granted by § 6-211(A) which is preserved only when a licensee appears at the administrative hearing to contest material facts relevant to § 753's four revocation elements and those issues are there determined.

¶32 DPS' argument would require this Court to totally disregard § 754(D). Related statutes must be interpreted together where possible to give force and effect to the legislature's intention and avoid absurd consequences. See Hulett v. First Nat. Bank and Trust Co. in Clinton, 1998 OK 21, 956 P.2d 879. The rule requiring exhaustion of administrative remedies is designed to aid in the orderly administration of justice, prevent transfer to the courts of duties imposed by law on administrative agencies, allow the agency to exercise discretion, or apply its expertise under the statutory scheme it is charged with administering. Jones v. State ex rel. Office of Juvenile Affairs, 2011 OK 105, ¶ 12, 268 P.3d 72, 76; Ledbetter, 1988 OK 117, ¶ 11, 764 P.2d at 179.

¶33 In light of the above considerations, we agree with Chandler's interpretation. The Legislature's addition of § 754(D)'s second sentence establishes a mandatory procedure for admitting an officer's sworn report at the administrative hearing that specifically applies when neither the licensee nor counsel appear, as occurred here. In such event, § 754(D)'s terms require an officer's sworn report to facially meet the basic statutory requirements for DPS' authority to revoke a driver's license as a prerequisite for said admission. Our interpretation is supported by the meaning of the plain and unambiguous language, which follows.

Interpretation of § 754(D)

¶34 The last phrase in § 754(D)'s second sentence, "should the requesting person fail to appear at the scheduled hearing," specifically identifies the particular circumstances for its application. The term "requesting person" and "scheduled hearing" is ascertained from § 754(D)'s first sentence, mandating DPS to "grant the person an opportunity to be heard" if it has timely received a "written request of a person whose driving privilege has been revoked" and to provide notice of that hearing. There is no dispute Chandler timely requested a hearing after DPS revoked his driver's license, he was provided notice, and neither he nor counsel appeared at the administrative hearing.

¶35 In § 754(D)'s second sentence, there is no dispute that its subject, "the sworn report of the officer," refers to § 753's "sworn report of the law enforcement officer" The next § 754(D) phrase, "together with the results of any test or tests," becomes part of the subject only when the revocation is based on 47 O.S.2011 §754(C), which is not at issue here.

¶36 In § 754(D)'s phrase, "shall be deemed true," the word "shall" is generally a mandatory directive or command. Keating v. Edmondson, 2001 OK 110, ¶ 13, 37 P.3d 882. This meaning is confirmed when viewing § 754(D) as a whole, in which the Legislature uses "shall" in all of the sentences except the fourth, i.e. "may" is used in regards to issuance of temporary driving permits. Id. The verb "deemed" in the phrase, "shall be deemed true," means "to hold; consider; adjudge...treat as if." Black's Law Dictionary, 5th Ed., p. 415. "Deemed true" here is a legal term of art, equivalent in meaning to a similar phrase in 12 O.S.1980 § 306 (a former pleading statute repealed in 1984) that required "[e]very material allegation of the petition, not controverted by the answer ... shall, for the purposes of the action, be taken as true."

¶37 By § 306, a defendant's "failure to answer on the merits constituted an admission of the facts charged against him in the petition [which] need not be proved by the plaintiff at the hearing." (Emphasis added.) E. Dwight Morgan, Taking a Judgment by Default in Oklahoma, 23 Okla. L. Rev. 401, 405 (1970). Comparable to § 306's deemed admissions of a petition's undenied allegations, the Legislature intended by this phrase to mandate the statements in the officer's sworn report to be treated as admissions of DPS' authority to revoke a driver's license and provide for the report's admission as evidence supporting DPS's initial revocation.

¶38 Admission of the sworn report, however, is qualified by § 754(D)'s next phrase, "absent any facial deficiency." The common meaning of "absent" is "not present" or "not in its place." Webster's Third New International Dictionary (1981), at p. 6. "Facial" is an adjective meaning "of, relating to or on the face," id., p. 818, which modifies the noun "deficiency," meaning a "defect." Id., at p. 592. "Any" used in a statute "is equivalent and has the force of 'every' and 'all'." State ex rel. Porter v. Ferrell, 1998 OK 41, ¶ 9, 959 P.2d 576, 578. Therefore, only a sworn report which on its face has no defects is admissible.

¶39 The function of this qualifying phrase corresponds to the exception under both § 306 and its successor, 12 O.S. 2011 § 2008(D)[17] for allegations of "amount of damages" which "[are] not admitted by default and must be proved." (Emphasis added.) Morgan, supra. By using this phrase, the Legislature added § 754(D) to its list of actions and/or proceedings it has previously deemed to require a "full scale inquiry into all the facts" and "full proof must be made ... despite default," e.g., marital dissolution actions (see 43 O.S. 2011 § 130), recovery of real property (12 O.S. 2011 § 1142). Morgan, supra. These latter two actions involve property rights and other interests requiring due process protection, as do implied consent revocation proceedings in Oklahoma. See Trusty v. State ex rel. Dept. of Public Safety, 2016 OK 94, ¶ 12, 381 P.3d 726 (A person's "'claim to a driver's license is indeed a protectable property interest that may not be terminated without due process guaranteed by the Fourteenth Amendment.'") In light of the parties' arguments below, the remaining question is the meaning of the term "facial deficiency."

Interpretation of § 754(D)'s term "Facial Deficiency"

¶40 When construing a statute which has been amended, we are mindful that the legislature may have intended either (a) to effect a change in the existing law, or (b) to clarify that which previously appeared doubtful. Blitz U.S.A., Inc. v. Oklahoma Tax Com'n, 2003 OK 50, ¶ 19, 75 P.3d 883, 889. "The exact intent is ascertained by looking to the circumstances surrounding the amendment." Ledbetter, 1988 OK 117, ¶ 7, 764 P.2d at 179.

¶41 Relevant to the Legislature's intent by the phrase "facial deficiency" in § 754(D)'s second sentence is that in implied consent cases decided before Chase, an officer's sworn report was considered inadmissible hearsay if the officer did not attend the administrative hearing to testify about the facts surrounding the arrest. See Oklahoma Dept. of Public Safety v. Robinson, 1973 OK 80, ¶ 36, 512 P.2d 128, 134. Further, Sipes revealed a continued hearsay problem with sworn reports when the officer is absent at the administrative hearing[18] and also the lack of procedure for admitting an officer's sworn report when a licensee or attorney also fails to appear at the administrative hearing.[19]

 

¶42 DPS' argument below that the Legislature amended § 6-211(F) in response to Sipes applies equally to § 754(D). In addition to the short period between Sipes and the 1999 amendment to § 754(D), the Legislature also adopted the term "facial deficiency," a variation of the Sipes Court's term in its remand instructions,[20] stating, in pertinent part:

 

For the licensee to prevail, he must prove that the evidence adduced at the administrative level is facially deficient to sustain the order. See Chase v. State ex rel. Dept. of Public Safety, 1990 OK 78, ¶ 5, 795 P.2d 1050 (a "patent deficiency in the statutorily required DPS material" is one "apparent on the face of the administrative proceedings"). (Emphasis in original.)

Sipes, 1997 OK CIV APP 82, ¶ 20. Importantly, the Sipes Court indicated "facially deficient" is a synonym for "patent deficiency" by its quote to that term's definition in Chase, which that Court identified for the first time "the enforcement officer's sworn report that he had reasonable grounds to believe the arrested person had been driving....while under the influence of alcohol" as one of "two statutory prerequisites for DPS revocation." (Emphasis in original.)

¶43 Since Chase, the Courts have continued to uphold the significance of a § 753-compliant sworn report. Most recently, the Court in Trusty v. State ex rel. Dept. of Public Safety, 2016 OK 94, ¶ 13, 381 P.3d 726, held:

Under the [driver's license revocation] administrative scheme, two statutory prerequisites are fundamental to DPS's power to revoke a license: 1) a blood or breath test report or the driver's refusal of such a test; and 2) the officer's sworn report that he or she had reasonable grounds to believe the driver was driving under the influence." See 47 O.S. 2011 §§ 753 & 754(C); see also Chase v. State ex rel. Dept. of Public Safety, 1990 OK 78, ¶ 4, 795 P.2d 1048, 1049. (Emphasis added.)

"In [Chase], the Court found that the sworn officer's affidavit was absent from the record, and as such, there was a 'patent deficiency in the statutorily required DPS material.'" (Emphasis added.) Trusty, 2016 OK 94, n. 16 (quoting Chase, 1990 OK 78, ¶ 5, 795 P.2d at 1050). "Such absence made 'the Department's revocation order vulnerable to invalidation, on timely appeal, for failure to meet the minimum legislatively prescribed standards for the DPS paperwork on which its administrative action must be rested.'" Id. DPS' interpretation is not only contrary to Oklahoma precedent but also § 754(D)'s express terms, which we conclude requires DPS and/or its Hearing Officer[21] to facially review the officer's sworn report to insure its compliance with § 753, for purposes of its admission at an administrative hearing where neither the licensee nor counsel appeared.

¶44 Our interpretation is further supported by Oklahoma appellate courts which have consistently held, relying on Chase, that when the officer's reasonable grounds statement is missing from the sworn report, the revocation order is fatally flawed because "the evidence on which the administrative revocation action rested is patently deficient." Roulston v. State ex rel. Dept. of Public Safety, 2014 OK CIV APP 46, ¶ 11, 324 P.3d 1261. See also Tucker v. State ex rel. Dept. of Public Safety, 2014 OK CIV APP 45, 326 P.3d 542. Chase is also cited by the Court in Gibson v. State ex rel. Dept. of Public Safety, 2015 OK CIV APP 80, ¶ 11, 359 P.3d 216, for the proposition that a sworn report complying with § 753 is "a substitute for the in-person testimony of the arresting officer" which may "meet the evidentiary burden for administrative revocation." See also Werdel v. State ex rel. Dept. of Public Safety, 2015 OK CIV APP 89, ¶ 16, 359 P.3d 1163.

¶45 Based on § 754(D)'s unambiguous language and the circumstances surrounding its amendment, we conclude the Legislature's intent for adding its second sentence was to clarify a sworn report complying with § 753, i.e., "absent any facial deficiency," is both: 1) a substitute for the in-court testimony of the officer when not present at the administrative hearing, and 2) competent, admissible evidence that will be admitted as evidentiary support for DPS' authority to revoke the driver's license of a licensee who fails to attend the administrative hearing.

¶46 The same amendment serves to clarify DPS always carries the burden to prove a prima facie case for revocation, which as a matter of law, includes § 753's two statutory prerequisites fundamental to DPS' revocation authority.[22] The amendment was also intended to reduce and/or eliminate default judgments based on the licensee's non-appearance, instead of judgments entered on the evidence.[23]

 

¶47 We are not persuaded by DPS' argument that Chandler is attempting "to obtain a review by reclassifying, as procedural, a substantive law issue statutorily waived." Section 6-211(F) gives notice of a single consequence for a licensee's failure to attend an administrative hearing, i.e., judicial review is limited to legal issues. The same applies to § 754(D), which only notifies a licensee a § 753 compliant sworn report will be admitted despite his/her nonappearance at the administrative hearing.

 

¶48 A waiver is defined as the voluntary or intentional relinquishment of a known right. Faulkenberry v. Kansas City Southern Ry. Co., 1979 OK 142, n.19, 602 P.2d 203, 207. No one can be bound by a waiver of one's rights unless it was made with full knowledge of the rights intended to be waived. Id. "[A]t a bare minimum, constitutionally adequate notice must apprise one of the antagonist's pressed demands and of the result consequent upon default." Booth v. McKnight, 2003 OK 49, ¶ 20, 70 P.3d 855.[24] Neither § 6-211(F) nor §754(D) provides notice to a licensee that his or her failure to attend said hearing will waive DPS' burden to prove the two statutory prerequisites fundamental to its authority to revoke a driver's license.

¶49 "In an administrative driver's license revocation proceeding the focus is 'on the due process standards that are built into the regulatory scheme' under the implied consent statutes." Trusty v. State ex rel. Department of Public Safety, 2016 OK 94, ¶ 12, 381 P.3d 726. "The Oklahoma Implied Consent Law conforms to the constitutional due process requirement by providing notice and opportunity for hearing, providing for administrative hearing subject to judicial review and applying to all licensed motorists in an identical manner." (Citation omitted; emphasis added.) Id. Section 754(D)'s express terms protects due process rights by requiring its application at an administrative hearing at which a licensee fails to appear, as does 47 O.S. 2011 § 754(F)(2)(a)-(b) equally does for a licensee who does appear.

Application of § 754(D) to 6-211(F)

¶50 "Admissibility of evidence ... [is] a procedural matter." Faulkenberry, 1979 OK 142, n. 19, 602 P.2d at 207; see also Guinn v. Kansas City Southern Ry. Co., 1975 OK 148, ¶ 21, 547 P.2d 1310, 1314. DPS' general rules applicable to implied consent hearings provide for following the Oklahoma Evidence Code except for Title 47 evidentiary provisions. See OAR 595: 1-3-16. For reversal of such error, a substantial right must be affected and a timely objection must have been made. 12 O.S. 2011 § 2104(A). Typically, such trial court rulings on admission of evidence are discretionary and reviewed on appeal for abuse of discretion. The Legislature is presumed to know existing law when adopting an amendment. Prettyman v. Halliburton, 1992 OK 63, ¶ 21, 841 P.2d 573, 580.

¶51 Based on our interpretation of the 1999 amendment to § 754(D), we conclude the Legislature has essentially stripped the discretionary powers of DPS and/or its hearing officer regarding admission of a sworn report at the administrative hearing unattended by a licensee and/or counsel. In accord with Chyzy, the Legislature's intent for § 6-211(F)'s appearance requirement is to prohibit a trial de novo on the merits of revocation that have not first been litigated at the administrative hearing, not issues involving statutory compliance with §§ 753 and 754(D) or procedural and/or evidentiary rulings that affect one's substantial rights. Because Chandler was not required to exhaust his administrative remedies under § 6-211(F), we reverse the court's exhaustion ruling, but do not remand the matter back to the district court. Because the appellate record includes an undisputed facially deficient sworn report and a supplemental sworn affidavit, which latter affidavit is the only possible support for the DPS hearing officer's finding "the affidavit of Officer Plane stating that the licensee refused to submit to chemical testing after being arrested upon reasonable grounds for driving under the influence should be taken as true," there remains the issue of whether the supplemental sworn report cured the officer's facially deficient sworn report and supported DPS' authority to revoke Chandler's driver's license.[25]

 

Supplemental Sworn Affidavit

 

¶52 In Shoptaw v. State ex rel. Dept. of Public Safety, 2016 OK CIV APP 32, 370 P.3d 1217 (Approved for publication by the Supreme Court), a different division of the Oklahoma Court of Civil Appeals affirmed a district court's order vacating a DPS revocation order. In a thorough analysis for relevant statutes and case law, the Shoptaw Court disagreed with DPS' argument the supplemental sworn affidavit cured the facially deficient sworn affidavit originally submitted to DPS and on which its automatic revocation was based. The Court found the supplemental affidavit "does not contain a new notice of revocation served on Shoptaw as required by 47 O.S.2011 § 754, so we cannot conclude the revocation was valid." Id., ¶ 16.

¶53 At the review hearing in this case, DPS admitted only the DPS Revocation Order, not the entire DPS file of Chandler's case as required 47 O.S. 2011 § 6-211(I).[26] See also Hedrick v. Commissioner of Dept. Of Public Safety, 2013 OK 98, ¶ 9, 315 P.3d 989, 993 ("trial court is required to examine all of the records in a DPS file relative to an offense committed"). The appellate record includes, as previously explained, Chandler's petition and attached exhibits. Unlike the Affidavit which indicates Officer Plane served it on Chandler "08/17/13" and is stamped at the top "Received Aug 14 2013 Legal," the Supplemental Sworn Report has no stamp or writing indicating when it was received by or was filed with DPS. More importantly, the appellate record includes no proof of service of the Supplemental Sworn Report with a new notice of revocation on Chandler or his attorney at any time before the administrative hearing. Like the Court in Shoptaw,[27] this court "cannot conclude the revocation was valid." The district court's order sustaining the DPS revocation order is reversed.

CONCLUSION

¶54 Chandler is not required to exhaust his administrative remedies because the absence of § 753's reasonable grounds statement is not a merits issue when a licensee fails to attend an administrative hearing pursuant to § 754(D). The meager appellate record confirms the DPS revocation order was supported by a facially deficient sworn report. There is no proof of service on Chandler or his counsel of the supplement sworn report and a new notice of revocation, as Shoptaw requires. The District Court's order sustaining the revocation of Chandler's driver's license is reversed.

¶55 This opinion shall apply prospectively to implied consent revocation cases currently on appeal or which orders are filed before November 1, 2017,[28] and it shall have no effect on revocation proceedings that have become final judgments. Muratore v. State ex rel. Dept. of Pub. Safety, 2014 OK 3, ¶ 22, 320 P.3d 1024, 1034.

¶56 REVERSED.


MITCHELL, P.J., concurs.





BUETTNER, C.J., dissents:



¶1 I would affirm the trial court.



FOOTNOTES


[1] The Affidavit/Revocation Notice is a preprinted form with five marked sections: 1) arrest details, including the driver's address, driver license number, and vehicle identification, date, time and location of arrest, and other facts establishing probable cause for the stop/arrest, 2) Implied Consent Test Request, with the officer personally attesting he asked ...and Chandler refused the test and to sign the form, 3) Notice of driver's license revocation effective 30 days from service/"Serving of Notice" statement signed by arresting officer, 4) arresting officer signed sworn statement that "under penalty of perjury under the law of Oklahoma that the foregoing is true and correct" and 5) list of other witnesses.



[2] In relevant part, 47 O.S. 2011 § 754(D) provides "[a] timely request shall stay the order of [DPS] until the disposition of the hearing unless the person is under cancellation, denial, suspension or revocation for some other reason."



[3] For the record we note Chandler's petition refers to Exhibit No. 1 as "a copy of the [Affidavit]," which is the front side of that exhibit. The back side of the same exhibit is a copy of a "Supplemental Sworn Report to the Officer's Affidavit and Notice of Revocation/Disqualification" signed by Officer Plane on "12-30-13" (Supplemental Sworn Report). Chandler's petition does not mention the latter report, which includes his name, the details of the "08/07/13" arrest, and the officer's reasonable grounds statement ..."



[4] At the June 29, 2016 hearing, DPS announced "Chandler had been driving on bond since 2014" and "it is only because DPS agreed to put the case on hold until the Drake case came out." No specific reason was then given why Drake was relevant to Chandler's case. We assume DPS is referring to Drake v. State ex rel. Department of Public Safety, 2015 OK CIV APP 42, 349 P.3d 559.



[5] Chandler's initial objection to admission of a copy of the DPS Order was overruled.



[6] See ¶ 43 for full citations to Roulston and Tucker and ¶ 50 for Shoptaw.



[7] See ¶ 16 for identification of the facial deficiency at issue in this case.



[8] In Gibson v. State ex rel. Dept. of Public Safety, 2015 OK CIV APP 80, 359 P.3d 216, the Court reversed the trial court's decision that the officer's facially deficient sworn report could not be cured by a supplemental sworn report because there was no due process or opportunity to be heard. After finding the sworn report is an evidentiary issue, the Gibson Court held because the supplemental sworn report had been served on the licensee's attorney more than 30 days before the hearing, said evidence supported the revocation order and no due process rights were violated. In Drake, supra n. 4, the Court affirmed the trial court's denial of the licensee's petition to reinstate his driver's license, agreeing a facially deficient sworn report is evidentiary, not jurisdictional, so the licensee's appeal, filed over one year after it had been suspended, was an untimely collateral attack on the revocation order.



[9] Pursuant to the District Court's order, DPS' receipt of a file-stamped copy of Chandler's Petition in Error with the Oklahoma Supreme Court "shall stay the running of the revocation" and he "shall have full driving privileges during the pendency of the appeal."



[10] When Chandler was arrested, 47 O.S. 2011 § 753(A), which is part of Oklahoma's Implied Consent statutes, 47 O.S. 2011 §§ 751-761, provided, in pertinent part:

...[DPS], upon the receipt of a sworn report of the law enforcement officer that the officer had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public roads, highways, streets, turnpikes or other public place of this state while under the influence of alcohol, any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance and that the person had refused to submit to the test or tests, shall revoke the license to drive ... for a period as provided by Section 6-205.1 of this title.



[11] In Davis, the district court found in favor of licensee and set aside DPS' revocation order based on the improper hearing. In DPS' appeal, the Davis Court held jurisdiction was properly exercised to determine if the licensee had satisfied § 6-211(F)'s three requirements for appeal, but held the district court erred when it set aside the order without hearing evidence regarding the merits of the revocation.



[12] Because Chyzy's license was revoked under a different statute, he conceded the district court had no authority to review the merits of his revocation and argued DPS should have granted him a second hearing because the circumstances for missing the administrative hearing were beyond his control. The Chyzy Court affirmed the district court's order sustaining the revocation order.



[13] The remaining three sentences in the 1997 version of § 754(D), which provided the hearing request "shall operate to stay the revocation" unless the person is under suspension or revocation for other reasons, DPS could issue a temporary driving license pending disposition of the hearing, and that if the hearing request was not timely filed, the revocation order "shall be sustained," were slightly modified and kept in the 1999 version.



[14] See also Ellison v. Ellison, 1996 OK 64, ¶ 5, 919 P.2d 1, 2; Pierson v. Canupp, 1988 OK 47, n.8, 754 P.2d 548, 552; Flick v. Crouch, 1967 OK 131, ¶ 15, 434 P.2d 256.



[15] DPS also contends Chyzy limits review to notice and opportunity to be heard. However, the Court specifically referred to "procedural issues," and its general discussion of the evidence relevant to the appellate issue of DPS' failure to grant a second hearing may not be read as limiting those procedural issues.



[16] See Hollis v. State ex rel. Dept. of Public Safety, 2008 OK 31, ¶ 9, 183 P.3d 996. See also 47 O.S. 2011 § 754(F)(2)(a)-(b).



[17] Since § 306's repeal, 12 O.S. 2011 § 2008(D) provides "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." (Emphasis added.)



[18] In Sipes, the revocation order was "based on the sworn report" and at the review hearing, DPS argued the licensee failed to exhaust his administrative remedies by failing to appear at the administrative hearing. After the court rejected DPS' exhaustion argument and proceeded with the trial de novo, DPS stood on its jurisdictional argument and did not present any witnesses. Consequently, the court vacated the revocation order finding DPS failed to establish a prima facie case.



[19] This conclusion is based in part on footnote 1 in Sipes in which the Court distinguishes DPS' authority, Marquart v. Director of Revenue, State of Mo., 896 S.W.2d 716 (Mo. App. E.D. 1995), citing three reasons, the first of which we find is relevant here, i.e., "the suspension order was entered by default and the "Director produced no evidence on the merits of the action - - whether there was probable cause to believe licensee was driving with excessive BAC [blood alcohol content]." (Underline in original.)



[20] Importantly, too, the Legislature did not use a similar phrase, "facial irregularity," the Sipes Court used in it final holding.



[21] DPS' general rules for implied consent administrative hearings provide "[w]here DPS is not represented by counsel as an advocate it may be the duty of the hearing officer to neutrally inquire into each material and essential element which the Department is obligated to prove, by questions of the witnesses." OAR 159: 1-3-4(h)



[22] The Sipes Court's remand instructions (quoted in ¶ 41) could be viewed as inconsistent with DPS' burden to prove a prima facie case, because the sworn report either includes the two statutory prerequisites or it is "facially deficient." If DPS proves its prima facie case and the burden shifts, the licensee has the burden to demonstrate a hidden/latent deficiency in a sworn report, e.g., Martinez v. State ex rel. Dept. of Pub. Safety, 2014 OK CIV APP 17, ¶ 17-18, 321 P.3d 991, 996, or that he/she did not refuse or lacks mental capacity to refuse to submit to the tests, e.g., Peters v. Oklahoma Dept of Public Safety, 1976 OK 183, 557 P.2d 908; Hollis v. Dept. of Public Safety, 2008 OK 31, 183 P.3d 996.



[23] "A 'default judgment has been defined as a judgment rendered in consequence of the non-appearance of the defendant.'" Powers v. District Court of Tulsa County, 2009 OK 91, n. 6, 227 P.3d 1060, 1082 (quoting Choctaw County Excise Bd. v. St. Louis-San Francisco Ry. Co., 1969 OK 110, 456 P.2d 545, 548). The Choctaw Court held the journal entry of judgment in each case showed the court heard evidence and found that the allegations of plaintiffs' petitions were true, so the judgments were not rendered in consequence of the non-appearance of the defendant, but in consequence of the evidence presented.



[24] See Nelson v. Nelson, 1998 OK 10, 954 P.2d 1219 (Default divorce judgment entered denying father visitation with children, but reversed because his fitness was never challenged, not advised in the petition or during settlement negotiations that his visitation rights were in jeopardy, and nothing in the administrative order that required Father's attendance at a seminar for "Children coping with divorce" advised him failure to attend the course could result in a complete denial of visitation with his children)



[25] Driver did not raise any error with the court's third ruling, i.e., "§ 754(D) does not refer to the supplemental affidavit issue." This legal conclusion is based on her interpretation of § 754(D)'s silence on its application to supplemental sworn reports, which general argument DPS made at the hearing's conclusion. "Legal issues adjudicated on appeal are those which were raised "either directly or by implication' in the lower tribunal." Hedrick v. Commissioner of Dept. of Public Safety, 2013 OK 98, ¶ 16, n. 27, 315 P.3d 989, 1002 (J. Edmondson, concurring in result.) As applied to DPS administrative adjudications, those issues would include those "fairly comprised by the issues raised...as well as the mandatory legal requirements the DPS must satisfy, and on direct District Court review, affirmatively show on the face of the administrative record when ... revoking ... a license." Id. We conclude Chandler's failure to raise the third ruling is not fatal because the issue is fairly comprised in Chandler's first allegation, and as here, "when a necessary part of a particular adjudication requires adjudication of the fairly comprised issue because that issue is within the evidentiary record before the tribunal on its decision." Id.



[26] Pursuant to § 6-211(I), "[t]he court shall take testimony and examine the facts and circumstances, including all of the records on file in the office of [DPS] relative to the offense committed and the driving record of the person, and determine from the facts, circumstances, and records whether or not the petitioner is entitled to driving privileges or shall be subject to the order of denial, cancellation, suspension or revocation [DPS] issued."



[27] Shoptaw was mandated March 23, 2016, three months before the review hearing before the district court and was raised at said hearing.



[28] The Legislature amended § 754 to eliminate DPS Administrative hearings. See Laws 2017, SB 643, c. 392, § 13, eff. November 1, 2017.











 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 154, 37 P.3d 974, 73 OBJ 201, DAVIS v. STATE ex. rel. DEPT. OF PUBLIC SAFETY
Discussed
 2006 OK CIV APP 105, 143 P.3d 233, CHYZY v. OKLAHOMA DEPT. OF PUBLIC SAFETY
Discussed at Length
 2011 OK CIV APP 61, 253 P.3d 1007, KOLASKI v. STATE
Discussed
 2014 OK CIV APP 17, 321 P.3d 991, MARTINEZ v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2014 OK CIV APP 45, 326 P.3d 542, TUCKER v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 2014 OK CIV APP 46, 324 P.3d 1261, ROULSTON v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2015 OK CIV APP 42, 349 P.3d 559, DRAKE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2015 OK CIV APP 80, 359 P.3d 216, GIBSON v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 2015 OK CIV APP 89, 359 P.3d 1163, WERDEL v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 2016 OK CIV APP 32, 370 P.3d 1217, SHOPTAW v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 1997 OK CIV APP 82, 950 P.2d 881, 68 OBJ 4040, Sipes v. Dept. of Public Safety
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 47, 754 P.2d 548, 59 OBJ 1228, Pierson v. Canupp
Discussed
 1988 OK 117, 764 P.2d 172, 59 OBJ 2936, Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n
Discussed at Length
 1998 OK 10, 954 P.2d 1219, 69 OBJ 452, NELSON v. NELSON
Discussed
 1990 OK 78, 795 P.2d 1048, 61 OBJ 2091, Chase v. State ex rel. Dept. of Public Safety
Discussed at Length
 1992 OK 63, 841 P.2d 573, 63 OBJ 1359, Prettyman v. Halliburton Co.
Discussed
 2001 OK 93, 39 P.3d 781, 72 OBJ 3277, ALLEN v. LYNN HICKEY DODGE, INC.
Discussed
 2001 OK 110, 37 P.3d 882, 72 OBJ 3672, KEATING v. EDMONDSON
Discussed
 1967 OK 131, 434 P.2d 256, FLICK v. CROUCH
Discussed
 2002 OK 52, 50 P.3d 218, CITY OF DURANT v. CICIO
Discussed
 1969 OK 110, 456 P.2d 545, CHOCTAW CO. EXCISE BD. v. ST. LOUIS-SAN FRANCISCO RY. CO.
Discussed
 1973 OK 80, 512 P.2d 128, OKLAHOMA DEPARTMENT OF PUBLIC SAFETY v. ROBINSON
Discussed
 2003 OK 49, 70 P.3d 855, BOOTH v. McKNIGHT
Discussed
 2003 OK 50, 75 P.3d 883, BLITZ U.S.A., INC. v. OKLAHOMA TAX COMMISSION
Discussed
 1996 OK 64, 919 P.2d 1, 67 OBJ 1830, Ellison v. Ellison
Discussed
 2008 OK 31, 183 P.3d 996, HOLLIS v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 2009 OK 91, 227 P.3d 1060, POWERS v. DISTRICT COURT OF TULSA COUNTY
Discussed
 2010 OK 47, 237 P.3d 173, EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed
 2010 OK 50, 243 P.3d 1171, JOBE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 2011 OK 105, 268 P.3d 72, JONES v. STATE ex rel. OFFICE OF JUVENILE AFFAIRS
Discussed
 1975 OK 154, 543 P.2d 1370, MARTIN v. HARRAH INDEPENDENT SCHOOL DISTRICT
Discussed
 1975 OK 148, 547 P.2d 1310, GUINN v. KANSAS CITY SOUTHERN RAILWAY COMPANY
Discussed
 2013 OK 98, 315 P.3d 989, HEDRICK v. COMMISSIONER OF DEPT. OF PUBLIC SAFETY
Discussed at Length
 2014 OK 3, 320 P.3d 1024, MURATORE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed
 1976 OK 183, 557 P.2d 908, PETERS v. OKLAHOMA DEP'T OF PUBLIC SAFETY
Discussed
 2016 OK 94, 381 P.3d 726, TRUSTY v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
 1979 OK 142, 602 P.2d 203, FAULKENBERRY v. KANSAS CITY SOUTHERN RY. CO.
Discussed at Length
 1997 OK 123, 947 P.2d 512, 68 OBJ 3307, SOMMER v. SOMMER
Discussed
 1998 OK 21, 956 P.2d 879, 69 OBJ 999, HULETT v. FIRST NATIONAL BANK & TRUST CO. IN CLINTON
Discussed
 1998 OK 41, 959 P.2d 576, 69 OBJ 1884, STATE ex rel. PORTER v. FERRELL
Discussed
 1998 OK 88, 967 P.2d 1200, 69 OBJ 3098, Shamblin v. Beasley
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 306, Repealed
Cited
 12 O.S. 1142, Actions for Recovery of Real Property
Cited
 12 O.S. 2008, General Rules of Pleading
Discussed
 12 O.S. 2104, Rulings on Evidence
Cited
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 130, Evidence in Divorce or Alimony Actions
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 6-211, Right of Appeal to Court
Discussed at Length
 47 O.S. 754, Surrender or Seizure of License - Receipt as Temporary License - Revocation or Denial of Driving Privilege - Procedure to Release Controlled Substances for Analysis
Discussed at Length
 47 O.S. 753, Refusal to Submit to Test - Revocation of License - Reinstatement of License - Penalties
Discussed at Length